**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**THIRD DIVISION**

---

MINNESOTA MINING AND MANUFACTURING CO., ET AL.,

Plaintiffs,

Civil No. 01-607 JRT/AJB

v.

**ORDER ON MOTION TO RESUME STAY OF ACTION**

ACCO BRANDS, INC., ET AL.,

Defendants.

---

The above matter came before the court on Defendant's Motion to Resume Stay of Instant Action. [Docket No. 37]. A hearing was held on April 9, 2003, at the U. S. Courthouse, 316 Robert St., St. Paul, Minnesota. Steven E. Adkins, Esq., and Jeffrey A. Eyres, Esq., appeared on behalf of the Defendants. Alan G. Carlson, Esq., and Matthew J. Goggin, Esq., appeared on behalf of Plaintiffs. Based on the file, affidavits, memoranda and arguments of counsel,

**IT IS HEREBY ORDERED THAT** Defendants' Motion to Resume Stay is **denied**. [Docket No. 37].

Dated: April 10, 2003

Arthur J. Boylan
United States Magistrate Judge

## MEMORANDUM

Plaintiffs filed this patent infringement lawsuit in April 2001. Pursuant to 28 U.S.C. § 1659, the district court imposed a stay before Defendants could answer the complaint because

FILED APR 1 0 2003
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

there was a concurrent investigation of the same patent by the International Trade Commission. The stay was to be in effect "until the determination of the Commission becomes final." On November 25, 2002, the Commission issued its final determination and the court lifted the stay in this case on February 3, 2003.

Defendants filed this Motion to Resume Stay. The statutory stay under § 1659 has expired, and Defendants do not contend that it should be extended to include 3M's appeal of the Commission's decision to the Federal Circuit. Rather, Defendants assert that the court should exercise its inherent power to stay proceedings to conserve judicial resources, as well as the resources of the parties. They argue that this action should not proceed until (1) the Federal Circuit rules on 3M's appeal of the Commission's decision; (2) the resolution of the action between 3M and Fellowes in this district; and (3) the resolution of an intended motion to consolidate this case with 3M's case against Velo regarding the same patent.

This court has the discretion to stay its proceedings. Cherokee Nation of Oklahoma v. United States, 124 F.3d 1413, 1416 (Fed. Cir. 1997). The power stems from the inherent authority of every court to control the disposition of its cases. Id. The court's power to stay proceedings has boundaries, and it may be an abuse of discretion to impose "a stay so extensive that it is immoderate or indefinite" absent pressing need. Id. (citation omitted).

The party requesting a stay of litigation bears the burden of establishing that it is necessary. Landis v. N. Am. Co., 299 U.S. 248, 255 (1936). First, the court must identify a pressing need for the stay. Cherokee Nation, 124 F.3d at 1416. "The court must then balance interests favoring a stay against interests frustrated by the action." Id. Throughout the analysis, the court must remember its paramount obligation to exercise timely jurisdiction over cases

properly before it. Id.

Defendants have not shown a pressing need for a stay to be granted. None of the three events they rely upon, independently or in concert, constitute a pressing need for a stay. Even if this court balances Defendants' arguments in favor of a stay against the prejudice a stay would cause to Plaintiffs, a stay would not be justified.

First, Defendants have been permitted to intervene on the side of the Commission in the Federal Circuit appeal. However, the appeal currently relates solely to whether 3M satisfied the "domestic industry" requirement of 19 U.S.C. § 1337(a)(2). Although the Federal Circuit has allowed Defendants to intervene, there is no indication that it will interpret the patent or engage in the same claims construction that may be required of this court. Even if the Federal Circuit addresses claims construction, its decision would not be binding on this court. Therefore, this case should not wait for the Federal Circuit decision.

Second, the Fellowes action involves an interpretation of rights under a license agreement and an infringement determination for certain Fellowes products. It involves very different issues, and a decision in the case would offer little guidance to this court regarding claim construction and patent interpretation here. In any event, this case was filed before the Fellowes action and, absent special circumstances, would have priority. Kahn v. General Motors Corp., 889 F.2d 1078, 1081 (Fed. Cir. 1989)

Third, Defendants contend that the court should stay this action pending resolution of a motion to consolidate this case with 3M's case against Velo. However, no motion to consolidate has been filed. As a result, this court will not stay this case awaiting a decision on motion that has not yet been filed. See Cherokee Nation, 124 F.3d at 1417-1418.

At same time, 3M has shown that it would be prejudiced by a further stay and that no prejudice would result to Defendants from going forward with the case at this time. This case has already been stayed for nearly two years, and Defendants propose a new indefinite stay. In the meantime, 3M's ability to litigate its case is impaired. It faces a real danger that important evidence will be lost or destroyed, and that witnesses will die or their memories will fade. See Cherokee Nation, 124 F.3d at 1418.

Conversely, Defendants will not be unreasonably burdened by proceeding with this case. In the absence of pressing need, a stay should not be granted that merely shifts inconvenience from the defendant to the plaintiff. See Kahn, 889 F.2d at 1083. There mere possibility of determination in these other actions informing the court in this case and saving the parties litigation costs is not enough.

AJB