**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

MINNESOTA MINING AND MANUFACTURING COMPANY, ET AL.

Civil No. 01-607 JRT/AJB

Plaintiffs,

v.

**PRETRIAL SCHEDULING ORDER**

ACCO BRANDS, INC., ET AL.,

Defendants.

Pursuant to Rule 16 of the Federal Rules of Civil Procedure and the Local Rules of this Court, and in order to secure the just, speedy, and inexpensive determination of this action, the following schedule shall govern these proceedings. The schedule may be modified only upon formal motion and a showing of good cause as required by Local Rule 16.3.

Discovery Plan

1. Plaintiff represents that it lacks sufficient information concerning defendant's products or processes to be specific, therefore defendants are ordered to produce to plaintiff sufficient information concerning defendant's products as specified by the plaintiff, the specification of products by plaintiff shall take place on or before April 23, 2003, so as to enable plaintiff to determine whether to allege that it infringes. Neither the plaintiffs statement nor the defendant's production shall constitute an admission or evidence of infringement or non-infringement, their sole purpose being to determine what is alleged to be infringing. Specifically, the defendants shall deliver appropriate samples of the accused products on or before May 1, 2003.

2. The plaintiff shall serve upon the defendant by July 15, 2003, a "Plaintiff's Claim Chart," which shall identify: (1) which claim(s) of its patent it alleges are being infringed; (2) which specific products or methods of defendant it alleges literally infringe each claim; and (3) where each element of each claim listed in (1) is found in each product or method listed in (2), including the basis for each contention that the element is present. If there is a contention by plaintiff that there is infringement of any claims under the doctrine of equivalents, plaintiff shall separately indicate this on its Claim Chart and, in addition to the information required for literal infringement, plaintiff shall also explain each of the functions,

FILED APR 18 2003
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD______
DEPUTY CLERK______

way and result that it contends are equivalent, and why it contends that any differences are not substantial. Defendant shall explain in detail any other grounds for asserting invalidity of the claims.

3. No later than August 15, 2003, defendant shall serve upon plaintiff "Defendant's Claim Chart" that indicates with specificity which elements on Plaintiff's Claim Chart it admits are present in its accused device or process, and which it contends are absent. In the latter regard, defendant will set forth in detail the basis for its contention that the element is absent. As to the doctrine of equivalents, defendant shall indicate on its chart its contentions concerning any differences in function, way and result and why any differences are substantial.

4. On or before August 30, 2003, the parties shall simultaneously exchange a list of claim terms, phrases, or clause which each party contends should be construed by the Court. The parties shall thereafter meet and confer for the purpose of finalizing a list, narrowing or resolving differences, and facilitating the ultimate preparation of a joint claim construction statement. During the meet and confer process, the parties shall exchange their preliminary proposed construction of each claim term, phrase or clause which the parties collectively have identified for claim construction purposes.

At the same time the parties exchange their respective "preliminary claim construction," they shall also provide a preliminary identification of extrinsic evidence, including without limitation, dictionary definitions, citations to learned treatises and prior art, and testimony of percipient and expert witnesses they contend support their respective claim constructions. The parties shall identify each such item of extrinsic evidence by production number or produce a copy of any such item not previously produced. With respect to any such witness, percipient or expert, the parties shall also provide a brief description of the substance of that witness's proposed testimony.

Following the parties meet and confer described above, and no later than September 15, 2003, the parties shall complete and file with the Court, a joint claim construction statement which shall contain the following information:

a. The construction of those claim terms, phrases or clauses on which the parties agree;

b. Each party's proposed construction of each disputed claim term, phrase or clause, together with an identification of all references from the specification of prosecution history that support that construction, and an identification of any extrinsic evidence known to the party on which it

intends to rely either in support of its proposed construction of the claim or to oppose any other party's proposed construction of the claim, including, but no limited, as permitted by law, dictionary definitions, citation to learned treatises and prior art, and testimony of percipient and expert witnesses;

c. The anticipated length of time necessary for the Markman hearing;

d. Whether any party proposes to call one or more witnesses, including experts at the Markman hearing, the identity of each such witness and for each expert, a summary of each opinion to be offered in sufficient detail to permit a meaningful deposition of that expert.

On or before October 1, 2003, the parties shall serve and file briefs addressing the issues the parties anticipate will be placed before the Court at the Markman hearing.

On or before October 15, 2003, the parties shall serve and file rebuttal briefs.

The parties shall also contact the Court for purposes of scheduling a hearing to determine claim interpretation. ("Markman Hearing")

Ten days before the date of the Markman hearing, the Court shall issue an Order stating:

a. Whether it will receive extrinsic evidence, and if so, the particular evidence it will receive; and

b. Whether the extrinsic evidence in the form of testimony shall be the affidavits already filed, or in the form of live testimony from the affiants.

Discovery Relating to Validity/Prior Art

1. On or before September 15, 2003, defendant shall serve on plaintiff a list of all of the prior art on which it relies, and a complete and detailed explanation of what it alleges the prior art shows and how that prior art invalidates the claim(s) asserted by plaintiff ("Defendant's Prior Art Statement).

2. On or before October 15, 2003, plaintiff shall serve on defendant "Plaintiff's Prior Art Statement," which will contain a complete and detailed explanation of its position on what the prior art relied upon by defendant shows, if its interpretation differs from defendant's, and its position on why the prior art does not invalidate

the patent(s)-in-suit.

3. The plaintiff's and defendant's "Prior Art Statements" can be, but need not be, in the form of expert reports.

4. Defendant can add prior art to its original Statement only by leave of court, upon a showing:

   (a) that it was not and could not reasonably have been located earlier by defendant; and
   (b) that it is not merely cumulative of prior art already listed, and
   (c) how defendant will be prejudiced if leave is denied, and plaintiff will not be prejudiced if leave is given.

Pleading of Defenses

1. It shall not be a ground for objection by plaintiff to discovery that it relates to defenses not pled by defendant, where the evidence needed to support these defenses is in whole or in part in the hands of the plaintiff.

2. Once plaintiff has given the necessary discovery, defendant may seek leave of Court to add defenses for which it alleges, consistent with F.R.C.P. 11, that it has support, and such support shall be explained in the motion seeking leave. Leave shall be liberally given where prima facie support is present, provided that defendant seeks leave as soon as reasonably possible following plaintiff's providing the necessary discovery.

3. If defendant relies on advise of counsel as a defense to willfulness, it shall produce to plaintiff on or before October 15, 2003,
   a. copies of all written advise it received concerning the patents that it is charged with infringing.
   b. an identification any oral advise it received concerning the patents that it is charged with infringing, including: (i) the giver(s) of the advise; (ii) the recipient(s) of the advise; (iii) the date of the advise; and (iv) the substance of the advise.

Discovery Definitions

1. In responding to discovery requests, each party shall construe broadly terms of art used in the patent field (e.g., "prior art," "best mode," "on sale"), and read them as requesting discovery relating to the issue as opposed to a particular definition of

the term used. Compliance with this Order is not satisfied by the respondent including a specific definition of the term-of-art in its response, and limiting its response to that definition.

Expert Witnesses

1. On March 1, 2004, the party bearing the burden of proof as to a particular issue shall serve expert reports as to said issue, which reports shall be in accordance with F.R.C.P. 26(a)(2)(B) ("Initial Expert Reports").

2. On March 15, 2004, Responsive Expert Reports shall be served. Responsive Expert Reports shall also be in accordance with F.R.C.P. 26(a)(2)(B).

3. On March 29, 2003, Rebuttal Expert Reports shall be served..

4. Every expert report shall begin with a succinct statement of the opinions the expert expects to give at trial.

5. Unless leave of court is applied for and given, there shall be no expert testimony at trial on behalf of the party having the burden of persuasion on any issue not covered in that party's Initial Expert Report.

6. Unless leave of Court is applied for and given, an expert shall not use or refer to at trial any evidence, basis or grounds in support of his/her opinion not disclosed in his/her expert report, except pursuant to paragraph 9, below.

7. Unless leave of Court is applied for and given, no expert reports other than the Initial Responsive and Rebuttal Reports described in paragraphs 1, 2 and 3 above shall be permitted.

8. No application under paragraphs 5 - 7 shall be filed later than 30 days before the Final Pretrial Conference.

9. The application for leave of Court referred to in paragraphs 5 - 7 above shall: (1) include, as an attachment, the additional expert report sought to be used, in which the new issue, evidence, basis or ground is explained; (2) explain in detail why the issue, evidence, basis or ground was not, or could not be, included in the Initial or Rebuttal report; and (3) explain the prejudice to the submitting party if the additional expert report is not permitted, and the lack of prejudice to its opponent if the additional expert report is permitted.

10. Within ten (10) days after the filing of an application pursuant to paragraph 9, the

other party may file an opposition to the application, dealing with the issues of: (i) timeliness; (ii) prejudice; and (iii) what additional expert reports would be needed by the respondent if leave of court is given to the movant.

11. Anything shown or told to an expert relating to the issues on which he/she opines, or to the evidence, basis or grounds in support of or countering the opinion, shall be referenced in that expert's report and is subject to discovery by the opposing party.

12. The parties shall agree on: (i) whether drafts of expert reports should be retained and produced; and (ii) whether there shall be inquiry into whom, if anyone, other than the expert participated in the drafting of his/her report. In the absence of such an agreement, drafts of expert reports need not be produced, but inquiry into who participated in the drafting and what their respective contributions were is permitted. The court will not entertain motions on these two issues.

13. All expert discovery, including expert depositions, shall be completed on or before May 1, 2004.

Privilege & Related Issues

**Foreign Prosecution**

1. If requested by defendant, plaintiff shall produce to it:

   (a) all prior art cited against foreign counterparts of the U.S. application(s) for the patent(s)-in-suit; and
   (b) all communications to or from foreign patent offices regarding counterparts of the U.S. application for the patent(s)-in-suit.

"Foreign counterparts" shall be interpreted broadly and includes applications based on specifications similar to the specification for the patent(s)-in-suit, regardless of their claims.

2. There is presumption that communications between persons prosecuting foreign counterpart applications (attorneys or patent agents) and (i) the inventors; (ii) U.S. prosecution counsel; and (iii) each other, are privileged. If such communications are requested by defendant and plaintiff objects on privilege grounds, no motion to compel shall be filed unless defendant can show, with specificity, what it expects the communications to show ("something damaging to plaintiff's position" is not a sufficiently specific showing) and how it intends to use the information discovered if it shows what is expected. If a sufficient showing by

defendant is made, the court will receive the communications for inspection *in camera*, and will release them to defendant only if they do show what defendant expected.

**Patent Owner/Prosecution Counsel Communications**

3. Communications during patent prosecution between the inventor and owner of the patent(s)-in-suit on the one hand, and counsel prosecuting the patent(s) on the other, are presumptively privileged, and need not be produced by plaintiff unless defendant can state:

   (a) with reasonable specificity what information it believes it will find in such communications, and the basis for such belief; and
   (b) for what purpose it would use the information at trial.

If defendant makes the required showing, the documents in question will be produced to the court for *in camera* inspection to determine whether they do, in fact, contain the information specified by defendant and whether it could be used for the purpose proposed by defendant. The documents will be produced to defendant only if both conditions are satisfied.

**Privilege Log**

4. Absent an agreement of counsel to the contrary, any document requested that is not produced shall be identified in a log of withheld documents ("Withheld Document Log"). For each document listed on the Withheld Document Log, the following information must be given:

   (a) the author(s);
   (b) the recipient(s);
   (c) the position held by each author and each recipient, including whether they are lawyers;
   (d) the date;
   (e) the basis or bases for withholding the document;
   (f) a description of the document in such detail that the requesting party can determine whether to challenge the basis or bases set forth pursuant to (e), (e.g., that "the document contains legal advice from X to Y concerning the subject of marking with the patent number").

**Inventor Testimony**

5. In depositions of the inventor(s) of the patent(s)-in-suit, there shall be no instruction by the patentee's counsel not to answer questions posed by counsel for

the defendant, unless expressly otherwise permitted by the rules. Questions calling for the inventor(s) to state an opinion or interpret a document relevant to issues in the case are not objectionable, and must be answered if the inventor(s) has an opinion or considers himself able to give an interpretation. The inventor can decline to answer the question only if, in truth, the inventor(s) has no opinion or is unable to interpret the document; but the inventor(s) shall then be barred from giving such opinion interpreting such document at trial, and opposing counsel may advise the fact finder at trial of the inventor's declining to answer.

Fact Discovery

1. Fact discovery shall be commenced in time to be completed by February 10, 2004. In this record, discovery requests shall be served in time so that responses shall be served by February 10, 2004, and all fact depositions shall be completed by that date.

2. All pre-discovery disclosures required by Rule 26(a)(1) shall be completed on or before May 15, 2003.

3. No more than 50 interrogatories (counted in accordance with Fed.R.Civ.P. 33(a)) shall be served by each side.

4. No more than 20 depositions, excluding expert witness depositions, shall be taken by each side. Regardless of the number of persons produced in response to a 30(b)(6) notice, any testimony taken pursuant to said 30(b)(6) notice shall count as one deposition when determining the number of depositions allowed under this paragraph.

5. Plaintiffs shall not call any more than 3 experts at trial. Defendant may not call more than 3 experts at trial.

Non-Dispositive Motions

(Non-dispositive motions may be scheduled for hearing by calling Kathy Thobe, Calendar Clerk, 651-848-1210.)

1. All motions which seek to amend the pleadings or add parties must be served by August 1, 2003.

2. All other non-dispositive motions and supporting documents, including those

which relate to discovery, shall be served and filed by May 1, 2004.

3. Prior to scheduling any non-dispositive motion, parties are encouraged to consider whether the motion, including motions relating to discovery and scheduling, can be informally resolved through telephone conference with the Magistrate Judge. To the extent that formal discovery motions will be filed, said motions should strictly comply with the provisions of Local Rules 7.1 and 37.1 and **shall be presented in a form that complies with Local Rule 37.2**.

Dispositive Motions

1. All dispositive motions shall be **served and filed by** July 1, 2004 . (Counsel are reminded that they must anticipate the time required for scheduling this hearing by calling Calendar Clerk Lou Jean Gleason at 612-664-5083.)

2. All dispositive motions shall be scheduled, filed and served in compliance with Local Rule 7.1.

Trial

This case shall be ready for a **Jury** trial on October 1, 2004, or upon resolution of any pending dispositive motions. Anticipated length of trial is 10 days.

Dated: 4/18/03

Arthur J. Boylan
United States Magistrate Judge