**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**THIRD DIVISION**

---

MINNESOTA MINING AND MANUFACTURING CO., ET AL.,

Plaintiffs,

v.

ACCO BRANDS, INC., ET AL.,

Defendants.

**Civil No. 01-607 JRT/AJB**

**REPORT AND RECOMMENDATION ON PLAINTIFF'S MOTION TO CONSOLIDATE**

---

MINNESOTA MINING AND MANUFACTURING CO.,

Plaintiff,

v.

VELO ENTERPRISES CO.,

Defendant.

Civil No. 02-4891 JRT/AJB

**REPORT AND RECOMMENDATION ON PLAINTIFF'S MOTION TO CONSOLIDATE**

---

The above matter came before the court on Plaintiff's Motions to Consolidate [01-607, Docket No. 50] [02-4891, Docket No. 13]. A telephone conference was held on April 9, 2003. Alan G. Carlson, Esq., and Matthew J. Goggin, Esq., appeared on behalf of Plaintiffs ("3M"). Frederick Morris, Esq., appeared on behalf of Defendants ACCO and ACI. Eric Weisblatt, Esq., appeared on behalf of Defendant Velo.

Plaintiff 3M filed a motion to consolidate the two cases referenced above. Both are patent infringement cases regarding the same '544 patent for computer wrist guards. 3M first

JUL 1 7 2003
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

sued ACCO and ACI in April 2001 in conjunction with an International Trade Commission investigation to obtain monetary damages which are unavailable from the ITC. In the course of that ITC action, 3M learned that Velo was the manufacturer of the wrist rest guards at issue, those sold and distributed by ACCO and ACI, and brought a separate action against Velo in December 2002.

3M argues that the cases have common questions of law and fact, and that consolidation will promote justice, expedite resolution of the cases, conserve resources and avoid the potential for inconsistent judgments. The cases involve the same patent, the same accused products and the same issues. Both will require the Court to (1) construe the claims of the '544 patent, (2) review the same prior art and determine the '544 patent's validity and (3) determine whether the same products infringe the '544 patent.

ACCO does not oppose the consolidation. Velo concedes that there are common questions of law and fact. However, it contends that "there are numerous factors that demonstrate that immediate consolidation for all purposes would not serve the interests of justice."

Velo argues that these two cases are at very different stages of discovery and that 3M could have added Velo as a party to the first case before it filed a separate action, but chose not to do so. Velo maintains that consolidation at this point would prejudice its pretrial and trial preparation. Velo also argues that, as the only foreign defendant, it would have different defenses from the other defendants and that consolidate would undermine its defenses and confuse the jury. Finally, Velo contends that consolidation would be unfairly prejudicial because Velo would be forced to share its confidential product and pricing information with ACCO and

ACI. Velo nevertheless asks that the Court consolidate the cases for pretrial discovery purposes, as long as it is not required to adhere to the discovery schedule already in progress in the ACCO case.

This Court recommends the consolidation of these two actions because they share the same issues of law and fact. Federal Rule of Civil Procedure 42(a) grants broad discretion to consolidate cases sharing common issues of law or fact. EEOC v. HEB Corp., 135 F.3d 543, 550 (8th Cir. 1998). In determining whether consolidation is appropriate, the court must balance the savings of time and effort resulting from consolidation against the inconvenience, delay or expense that it would cause. Lyons v. Anderson, 123 F.Supp.2d 485, 487 (N.D.Iowa 2000). The party seeking consolidation bears the burden of establishing that consolidation will promote judicial convenience and economy. Id. at 488.

Here, 3M has carried that burden. The benefits of consolidation, including preservation of judicial resources, expeditious resolution of both cases and the avoidance of inconsistent results, outweigh Velo's argument that 3M could have amended the complaint in the original action to make Velo a party but chose not to do so. Amended scheduling orders will eliminate Velo's concern about different stages of discovery. Velo's concerns about defenses at trial can be dealt with at a later stage in the litigation, and its business information can be safeguarded with a protective order. It is in the interests of justice to consolidate these to cases.

In addition to this Report and Recommendation, this Court will issue an Amended Pretrial Scheduling Order in Minnesota Mining and Manufacturing Co., et al. v. ACCO Brands, Inc., et al., 01-607, and a Pretrial Scheduling Order in Minnesota Mining and Manufacturing Co. v. Velo Enterprises Co., 02-4891. The scheduling orders will reflect identical dates for the

remainder of discovery. Even if the Motion to Consolidate is not granted, it is appropriate for these cases to proceed on the same discovery schedule.

## RECOMMENDATION

For the foregoing reasons, **IT IS HEREBY RECOMMENDED THAT** Plaintiff's Motion to Consolidate be **granted**. [01-607, Docket No. 50] [02-4891, Docket No. 13].

Dated July 15, 2003

Arthur J. Boylan
United States Magistrate Judge

## NOTICE

Pursuant to Local Rule 72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection. This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals. Written objections must be filed with the Court before August 1, 2003.

AJB