UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
THIRD DIVISION

MINNESOTA MINING AND MANUFACTURING CO., ET AL.,

Plaintiffs,

Civil No. 01-607 JRT/AJB

v.

**ORDER ON PLAINTIFF'S MOTION FOR PROTECTIVE ORDER**

ACCO BRANDS, INC., ET AL.,

Defendants.

MINNESOTA MINING AND MANUFACTURING CO.,

Plaintiff,

Civil No. 02-4891 JRT/AJB

v.

**ORDER ON PLAINTIFF'S MOTION FOR PROTECTIVE ORDER**

VELO ENTERPRISES CO.,

Defendant.

The above matter came before the Court on Plaintiff's Motion for Protective Order [01-607, Docket No. 57] [02-4891, Docket No. 24]. A hearing was held on August 14, 2003. David K. Tellekson, Esq., and Matthew J. Goggin, Esq., appeared on behalf of Plaintiffs ("3M"). Michael G. McManus, Esq., appeared on behalf of Defendants ACCO and ACI. Nhat D. Phan, Esq., appeared on behalf of Defendant Velo. Jeffrey A. Eyres, Esq., appeared as local counsel for all the Defendants.

AUG 2 0 2003

Based on the file, memoranda and arguments of counsel,

**IT IS HEREBY ORDERED THAT:**

1. Plaintiff's Motion is **granted** in part and **denied** in part, as provided herein [01-607, Docket No. 57] [02-4891, Docket No. 24].

2. Plaintiff 3M's Proposed Protective Order shall be adopted as the Protective Order in this case, with the modifications set forth herein.

3. Two of 3M's in-house attorneys, Hildy Bowbeer and Gary Griswold, shall be listed in Paragraph 9(b) of the Protective Order and shall be given access to CONFIDENTIAL INFORMATION, provided they execute an Agreement to Protect Confidential Information, which is attached as Exhibit B to Plaintiff's Proposed Protective Order. Richard Ziegler, Senior Vice President Legal and General Counsel of 3M Company, shall not have access to CONFIDENTIAL INFORMATION under the Protective Order.

4. Similarly situated attorneys for Defendants ACCO, ACI and Velo may be added to Paragraphs 9(a) and (c), respectively, and may also be given access to CONFIDENTIAL INFORMATION, subject to the procedures in this section.

   a. Within 10 days of this Order, Defendants ACCO, ACI and Velo may produce to 3M the names of those attorneys that they desire to have access to CONFIDENTIAL INFORMATION.

   b. Accompanying the proposals shall be affidavits from each attorney outlining their job duties.

   c. The parties shall meet and confer to determine whether the proposed

attorneys shall be given access to CONFIDENTIAL INFORMATION.

d. If there is a dispute over which defense attorneys shall receive access to CONFIDENTIAL INFORMATION, that the parties are unable to resolve, they shall submit the names and affidavits of the attorneys in question to the Court for a determination.

e. If the parties agree on the defense attorneys who will have access to CONFIDENTIAL INFORMATION, the attorneys' names shall be added to Paragraphs 9(a) and (c), respectively, of the Protective Order.

f. Any defense attorneys, either agreed upon by the parties or determined by this Court, who will have access to CONFIDENTIAL INFORMATION, shall execute an Agreement to Protect Confidential Information, which is attached to Plaintiff's Proposed Protective Order as Exhibit B.

5. Within 30 days of this Order, Plaintiff shall submit a Protective Order, consistent with this Court's rulings and the parties' decisions regarding defense counsel access to CONFIDENTIAL INFORMATION, for signature by the undersigned.

Dated: 8/20/03

Arthur J. Boylan
United States Magistrate Judge

## MEMORANDUM

The Court "may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression or undue burden or expense." FED. RULE CIV. P. 26(c). Such an order can ensure "that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a designated way." FED. RULE CIV. P. 26(c)(7). There is no question that a protective order is warranted in this case. Discovery will likely produce highly sensitive commercial information. However, the parties are unable to agree on who will have access to CONFIDENTIAL INFORMATION under the Protective Order.

Plaintiffs assert that three of its in-house counsel, Richard Ziegler, Hildy Bowbeer and Gary Griswold, should have access to CONFIDENTIAL INFORMATION under the Protective Order. Defendants argue that none of 3M's in-house counsel should have access to CONFIDENTIAL INFORMATION. In the alternative, they maintain that in-house counsel for their own companies should also have access to such information. The Court has considered the information provided in Declarations from the three 3M in-house attorneys and has determined that Bowbeer and Griswold shall have access to CONFIDENTIAL INFORMATION under the Protective Order and Ziegler shall not.

"Status as in-house counsel cannot alone create the probability of serious risk to confidentiality and cannot therefore serve as the sole basis for denial of access." U.S. Steel v. United States, 730 F.2d 1465, 1469 (Fed. Cir. 1984). Instead, the Federal Circuit examined the factual circumstances of in-house counsel's position in the company and whether they were involved in "competitive decisionmaking." Id., at 1468 n.3. The phrase, "competitive

decisionmaking," "would appear serviceable as shorthand for a counsel's activities, association, and relationship with a client that are such as to involve counsel's advice and participation in any or all of the client's decisions (pricing, product design, etc.) made in light of similar or corresponding information about a competitor." Id.

In-house counsel should not be denied access to confidential information unless the risk of inadvertent disclosure by the attorney of the protected information outweighs the need for the attorney to have access to the information. Volvo Penta of the Americas, Inc. v. Brunswick Corp., 187 F.R.D. 240, 242 (E.D.Va. 1999). Focusing on "the risk of inadvertent disclosure," the Federal Circuit concluded in another case that, while the risk may be higher for in-house than for retained counsel, "[w]hether an unacceptable opportunity for inadvertent disclosure exists, however, must be determined ... by the facts on a counsel-by-counsel basis, and cannot be determined sold by giving controlling weight to the classification of counsel as in-house rather than retained." Matsushita Electrical Industrial Co., Ltd. v. United States, 929 F.2d 1577 (Fed. Cir. 1991) (quoting U.S. Steel, 730 F.2d at 1469). "Proper review of protective orders in cases such as this requires the district court to examine factually all the risks and safeguards surrounding inadvertent disclosure by any counsel, whether in-house or retained." Brown Bag Software v. Symantec Corp., 960 F.2d 1465, 1470 (9th Cir. 1992).

Here, after examining the risks and safeguards, this Court concludes that the risks of inadvertent disclosure of protected information by Bowbeer and Griswold do not outweigh 3M's need for the information. Bowbeer and Griswold are integral parts of the litigation team, with Bowbeer involved daily with retained counsel and Griswold also conferring with retained counsel on a regular basis. The risk of inadvertent disclosure is minimal because Bowbeer and

Griswold are not involved in competitive decisionmaking at 3M. Neither sets pricing of products or services sold by the Business Unit, directs or controls sales, advertising or marketing of products or services sold by the Business Unit or designs product sold by the Business Unit. In fact, both Bowbeer and Griswold work solely in litigation for 3M Innovative Properties Company, rather than 3M Company itself. Neither prepares or prosecutes patent applications for 3M.

In contrast, Ziegler's role as Senior Vice President, Legal Affairs and General Counsel of 3M Company heightens both his fiduciary duty to 3M and his possibility of involvement in decisions in which his opinions could be affected by confidential information to which he could be exposed to in this litigation. Also, Ziegler's involvement with this litigation is more distant and he does not have need for the specific, confidential information to be produced in this case. Although Ziegler does not prepare or prosecute patent applications for 3M, it is probable that, as General Counsel, he supervises attorneys who do.

Following the Ninth Circuit's analysis in Brown Bag, this Court considers whether Bowbeer and Griswold could lock-up confidential information in their minds, safe from inadvertent disclosure to their employer once they have read the documents. See Brown Bag, 960 F.2d at 1471. Because of the isolation of their work functions from those making competitive decisions, this Court considers Bowbeer and Griswold capable of doing so.

AJB

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA
OFFICE OF THE CLERK

316 N. ROBERT ST., RM. 700
ST. PAUL, MN 55101

300 S. FOURTH ST., RM 202
MINNEAPOLIS, MN 55415

417 FEDERAL BLDG, 515 W. FIRST ST.
DULUTH, MN 55802

# Clerk's Notice In Re: Protective Order

A Protective/Confidentiality Order has been entered in this action. You must comply with the guidelines set forth below when filing **confidential original** documents with the Clerk of U.S. District Court. Failure to do so will cause the documents to be returned.

## *Guidelines for filing with the Clerk:*

A. Documents are to be **sealed** (closed, fastened, taped, or otherwise secured) in an envelope of comparable size no larger than 9 by 12 *(LR5.1 All pleadings, motions, and other papers presented for filing shall be on 8 1/2 x 11 inch white paper...flat and unfolded. this rule does not apply to (1) exhibits submitted for filing; and, (2) documents filed in removed actions prior to removal from the state courts.)*

B. Each envelope must list the following information, and each document is to be in a separate envelope.

- Action/case number
- Brief action/case title
- Party, name, and complete title of document (i.e. Deft. Johnson's Motion for Dismissal) must be noted on each envelope. Motions, affidavits and memorandums are considered three separate documents.
- The word "**SEALED**" or "**CONFIDENTIAL**"

## ***Guidelines for filing with a U.S. District Judge or Magistrate Judge:***

In addition to the above procedures, copies for delivery to the U.S. District Judge or U.S. Magistrate Judge are to be marked accordingly and bound together as a set.