**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**THIRD DIVISION**

---

MINNESOTA MINING AND MANUFACTURING CO., ET AL.,

Plaintiffs,

v.

ACCO BRANDS, INC., ET AL.,

Defendants.

Civil No. 01-607 JRT/AJB

**ORDER ON REQUEST TO FILE MOTION TO RECONSIDER**

---

MINNESOTA MINING AND MANUFACTURING CO.,

Plaintiff,

v.

VELO ENTERPRISES CO.,

Defendant.

Civil No. 02-[illegible] JRT/AJB

**ORDER ON REQUEST TO FILE MOTION TO RECONSIDER**

---

The above matter came before the court on Defendant Velo's request to file a Motion to Reconsider this Court's Order dated August 20, 2003. [Docket No. 35]. 3M has called attention to two factual inaccuracies in the Order. Defendant Velo has requested leave to file a Motion to Reconsider based on 3M's representations. It has also requested clarification of whether the Order resolved the parties additional unresolved disputes about the Protective Order, which were not before the Court. Based on the file, memoranda and arguments of counsel,

**IT IS HEREBY ORDERED THAT:**

1. Defendants' request to file a Motion to Reconsider is **denied**.

FILED SEP 1 0 2003
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD______
DEPUTY CLERK______

2. This Court's statement about Ziegler's probable supervision of attorneys who prepare and prosecute patent applications encompasses the fact that he does supervise such attorneys. Therefore, it was not a factual inaccuracy and 3M's clarification lends further support to the Court's conclusion. The request for a Motion to Reconsider on this issue is denied.

3. The second issue raised relates to Gary Griswold. Griswold's position as Staff Vice President and Chief Intellectual Property Counsel for 3M and his supervisory duties over attorneys at who prepare and prosecute patent applications were not included in his Declaration, dated July 30, 2003. However, because of Griswold's hands-on involvement in this litigation and his lack of business decision making, his concurrent title with 3M and his supervisory duties do not constitute the compelling circumstances necessary for a Motion to Reconsider. Local Rule 7.1(g). Defendants' request to file a Motion to Reconsider on this issue is denied.

4. The Court did not intend to resolve issues not before it for decision. Paragraph 2 of the August 20 Order adopts the portions of 3M's proposed Protective Order that relate to the parties' in house counsel having access to CONFIDENTIAL INFORMATION. The parties are free to continue negotiating the other terms of the Protective Order.

Dated: September 9, 2003

Arthur J. Boylan
United States Magistrate Judge