ORIGINAL

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| MINNESOTA MINING AND MANUFACTURING COMPANY & 3M INNOVATIVE PROPERTIES COMPANY, Plaintiffs, | ) Civil Action No. 01-607 (JRT/AJB) |
| v. | ) Judge John R. Tunheim |
| ACCO BRANDS, INC., and AMERICAN COVERS, INC., Defendants. | ) Magistrate Judge Arthur J. Boylan |
| 3M COMPANY, and 3M INNOVATIVE PROPERTIES COMPANY Plaintiffs, | ) Civil Action No. 02-4891 (JRT/AJB) |
| v. | ) Judge John R. Tunheim |
| VELO ENTERPRISE CO., LTD Defendant. | ) Magistrate Judge Arthur J. Boylan |

## ~~[PROPOSED]~~ PROTECTIVE ORDER

Plaintiffs 3M Company (formerly Minnesota Mining and Manufacturing Company) and 3M Innovative Properties Company (jointly referred to as "3M"), and defendants ACCO Brands, Inc. ("ACCO"), American Covers, Inc. ("ACI") and Velo Enterprise Co., Ltd., ("Velo") each asserts that it possesses information relating to the subject matter of this action which is confidential. The parties recognize that in the course of discovery proceedings it may be necessary to disclose to the other parties certain of its confidential information, but each wishes to ensure such information shall not be used for any purpose other than this action, and shall not be made public or be otherwise disseminated, beyond the extent necessary for purposes of this action.

JAN 0 5 2004
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

Accordingly, the following procedure shall be adopted for the protection of confidential and proprietary information:

**Definition**

1. CONFIDENTIAL INFORMATION means any information, document, or thing designated by a party in good faith as confidential because it contains or is a trade secret or other confidential research, development or commercial information as those terms are used in Rule 26(c)(7) of the Federal Rules of Civil Procedure.

**Designation of Information**

2. It is contemplated that a party may make available certain of its files for inspection by the other party, which files may contain confidential as well as nonconfidential material, and that following such inspection the inspecting party will designate documents to be copied and the copies furnished or produced to it. In order to protect any CONFIDENTIAL INFORMATION contained in the files produced for inspection, all documents made available for such inspection shall be assumed to be CONFIDENTIAL INFORMATION. When the inspecting party designates the documents it wishes copied, the producing party will mark appropriate documents as CONFIDENTIAL INFORMATION according to paragraph 3 and then provide copies of the designated documents to the inspecting party.

3. Any CONFIDENTIAL INFORMATION which a party wishes to be made subject to this Protective Order shall be marked "(3M or ACCO or ACI or VELO) CONFIDENTIAL INFORMATION CA No. 01-607/CA No. 02-4891 (JRT/AJB)" at the time it is turned over to the receiving party. Any copy made of such document or thing or document or thing created (e.g. any abstract, summary, memorandum or exhibit) containing information designated pursuant to

this Order shall bear on its face the legend "(3M or ACCO or ACI or VELO) CONFIDENTIAL INFORMATION CA No. 01-607/CA No. 02-4891 (JRT/AJB)."

4. If, during the course of discovery in this action, a party hereto, or its representatives, is authorized to inspect the other party's facilities, or processes of product manufacture, any documents or things generated as a consequence of any such inspection shall be deemed by the inspecting party to be CONFIDENTIAL INFORMATION and shall be treated as such.

5. Whenever a deposition involves a disclosure of CONFIDENTIAL INFORMATION, the following procedure shall be implemented:

(a) At the request of the party whose CONFIDENTIAL INFORMATION is disclosed, the reporter shall mark those pages of the transcript containing CONFIDENTIAL INFORMATION. Such request shall be made on the record whenever possible, but any party may designate portions of the transcript of depositions as containing CONFIDENTIAL INFORMATION after transcription as in the case of any other document or tangible thing, provided that written notice of such designation is promptly given to the other party. Following such notice, the parties shall confer as to the most convenient way to segregate the designated portions of this transcript. The parties shall not disseminate a deposition transcript or the contents thereof beyond the persons designated in paragraphs 8-11 hereof for a period of two (2) weeks after receipt in order to give adequate time for such notice, except that portions of transcripts may be filed under seal with the court and used in accordance with paragraph 6 in connection with these proceedings at any time.

(b) The cover of any deposition transcript that contains CONFIDENTIAL INFORMATION shall be prominently marked with the legend referred to in paragraph 3. All

portions of deposition transcripts designated as CONFIDENTIAL INFORMATION shall be sealed and dissemination of such transcript portion or the content thereof shall be limited to the persons identified in paragraphs 8-11 hereof.

6. If any CONFIDENTIAL INFORMATION is included with or the content thereof is in any way disclosed in any pleading, motion, deposition transcript, or other paper filed with the court, such documents and related materials shall be filed in sealed envelopes prominently marked with the caption of this case, the identity of the party filing the envelope, and the notation:

**CONFIDENTIAL INFORMATION**
**SUBJECT TO PROTECTIVE ORDER**

**THIS ENVELOPE IS NOT TO BE OPENED NOR THE CONTENTS THEREOF DISPLAYED, COPIED OR REVEALED, EXCEPT BY COURT ORDER OR BY AGREEMENT OF THE PARTIES**

**Use of CONFIDENTIAL INFORMATION**

7. CONFIDENTIAL INFORMATION shall be maintained in confidence according to the terms of this Order, may be disclosed only as provided in paragraphs 8-11 and shall be used solely in the preparation, prosecution or trial of this action.

8. CONFIDENTIAL INFORMATION may be disclosed (1) by the party who designated the item CONFIDENTIAL INFORMATION or (2) to any employee of such party or any former employee of such party who was involved with the matters the item is directed to at the time of the events to which the item is directed, or (3) any non-party entity who authored or received the item prior to its production to the other party.

9. CONFIDENTIAL INFORMATION may be disclosed to the court and its officers and to the following counsel, including their necessary support personnel:

(a) for ACCO and ACI, the firms of Shaw Pittman LLP; and Leonard, Street and Deinard, P.A.

(b) for 3M, the firms of Darby & Darby, P.C. and Carlson, Caspers, Vandenburgh & Lindquist; and Gary Griswold and Hildy Bowbeer of the 3M Office of Intellectual Property Counsel.

(c) for Velo the firms of Shaw Pittman, LLP and Leonard, Street and Deinard, P.A..

10. CONFIDENTIAL INFORMATION may be disclosed to independent individuals or businesses assisting counsel in the preparation of this action under the following conditions:

(a) Before any disclosure of CONFIDENTIAL INFORMATION of another party is made to an outside independent individual or business employed by counsel for assistance in the preparation, prosecution or trial of this action, such individual or business shall be furnished with a copy of this Protective Order and shall execute a written statement under oath, in the form appended hereto as Exhibit A, acknowledging that he or she is familiar with the provisions of this Protective Order and will abide by them, and such statement shall be kept by the employing counsel for reference should such be necessary. The name of each such individual or business shall be filed with the court under seal upon request of the other party. For a business, the statement shall be signed by a person authorized to bind the business organization who shall advise any other personnel of such business to whom CONFIDENTIAL INFORMATION is disclosed of the obligations imposed by this Order. Each outside independent individual or business who is known to be an employee or agent of or consultant to any third party competitor of the party whose CONFIDENTIAL INFORMATION is sought to be disclosed to such individual or business shall be identified to the other party prior to making any

such disclosure in sufficient time (not less than two (2) weeks) for such party to object and to seek further protection should it deem that necessary. If such party objects, no disclosure shall be made to such individual or business until the matter is resolved.

(b) Before any disclosure of CONFIDENTIAL INFORMATION of another party is made to mock jurors, focus group members and the like selected by trial consultants, jury consultants or by counsel in preparation for trial, any such person shall execute a confidentiality agreement in the form attached as Exhibit B and such statement shall be kept by counsel for reference should such be necessary. No documents or physical things embodying CONFIDENTIAL INFORMATION of another party shall be left in the possession of any such person.

11. CONFIDENTIAL INFORMATION, with the exception of CONFIDENTIAL INFORMATION disclosing the prices (wholesale or retail), costs, sales in dollars and units, gross and net profits, the geographic destination of products sold, distribution information, or the identity of customers of Velo, ACCO, or ACI, may be disclosed and used in Fellowes, Inc. v. Minnesota Mining and Manufacturing Company, Civ. Act. No. 02-4847 JNE/JGL, Dist. of Minn. ("the Fellowes Action"), pursuant to the Protective Order entered in that case, under the following conditions:

(a) Before any disclosure of CONFIDENTIAL INFORMATION of another party or of a non-party is made pursuant to the Protective Order in the Fellowes Action, the party who intends to make the disclosure shall give notice to the other party or non-party of its intention to disclose the documents, specifically identifying the documents to be disclosed. The party or non-party receiving such a notice shall have seven business days to serve a written objection to the disclosure on the party who intends to make it.

(b) If a written objection to disclosure is served under paragraph 11(a), the party who intends to make the disclosure may file a motion with the court seeking a judicial decision as to whether the disputed documents may be disclosed pursuant to this paragraph. Until the issue is resolved by the Court or the parties, no such disclosure shall be made.

**Information Designated Improperly**

12. The restrictions set forth in any of the preceding paragraphs shall not apply to:

(a) any information which at the time of disclosure is available to the public;

(b) any information which after disclosure becomes available to the public through no act, or failure to act, on behalf of the receiving party, its counsel or independent consultant; and

(c) any information which the receiving party, its counsel or independent consultants can show (i) as a matter of written record was already known to the receiving party from legitimate sources, (ii) as a matter of written record was independently developed by the receiving party, (iii) was obtained from the furnishing party without having been identified as CONFIDENTIAL INFORMATION (subject to the provisions and circumstances provided for in paragraph 15 hereof), or (iv) was received after the time of disclosure hereunder from a third party having the right to make such disclosure and was not required to be held in confidence.

13. In the event of any dispute with respect to the propriety or correctness of the designation of information, including testimony and documents, as CONFIDENTIAL INFORMATION, the parties shall attempt to resolve the dispute by negotiation. If such negotiations fail to resolve the dispute, any party wishing to challenge the designation may file a

motion for an appropriate order. The information shall be treated as confidential until the issue is resolved.

14. No party shall be obligated to challenge the propriety or correctness of the designation of information as CONFIDENTIAL INFORMATION and a failure to do so shall not preclude a subsequent challenge to such status. The burden of proof with respect to the propriety or correctness in the designation of information as CONFIDENTIAL INFORMATION shall rest on the designating party, except that the burden of proving the exceptions set forth in paragraph 12 shall rest on the party asserting the exceptions.

15. (a) If a party inadvertently discloses any document or thing containing information that it deems confidential without designating it as CONFIDENTIAL INFORMATION, the disclosing party shall promptly upon discovery of such inadvertent disclosure inform the receiving party in writing and the receiving party shall thereafter treat the information as CONFIDENTIAL INFORMATION under this Order. To the extent such information may have been disclosed to persons other than authorized persons described in this document, the receiving party shall make every reasonable effort to retrieve the information promptly from such persons and to avoid any further disclosure to non-authorized persons.

(b) If a producing party inadvertently discloses to a receiving party information that is privileged or otherwise immune from discovery, said producing party shall promptly upon discovery of such disclosure so advise the receiving party in writing and request that the item or items of information be returned, and no party to this action shall thereafter assert that such disclosure waived any privilege or immunity. It is further agreed that the receiving party will return such inadvertently produced item or items of information and all copies thereof within ten (10) days of the earliest of (a) discovery by the receiving party of its inadvertent

production, or (b) receiving a written request for the return of such item or items of information. The party having returned such inadvertently produced item or items of information may thereafter, without asserting waiver because of inadvertent production, seek production of any such documents in accordance with the Federal Rules of Civil Procedure.

16. Promptly upon completion of the litigation, each party shall return or destroy all documents designated by the other party as CONFIDENTIAL INFORMATION and all copies thereof and shall destroy all documents and things containing information based on CONFIDENTIAL INFORMATION, except that counsel for each party may retain one copy of each document and thing designated by the other party as CONFIDENTIAL INFORMATION and one copy of each document and thing containing information based on CONFIDENTIAL INFORMATION for record purposes only.

**Non-Party Discovery**

17. Discovery of non-parties to this action may involve receipt of information, documents, objects or testimony which include or contain CONFIDENTIAL INFORMATION. A non-party producing such materials in this case may designate as CONFIDENTIAL INFORMATION some or all of the materials it produces in the same manner as provided for in this order with respect to materials furnished by or on behalf of the parties to this action. All documents and other materials produced by non-parties shall be deemed CONFIDENTIAL INFORMATION for a period of 15 days from their production, and during that period any party may designate as CONFIDENTIAL INFORMATION any or all of such material, whether or not the producing non-party has also so designated. Any party also may designate as CONFIDENTIAL INFORMATION any other documents, objects or other materials which have been furnished by non-party and which constitutes CONFIDENTIAL INFORMATION of the

designating party under the terms of Paragraph 1 of this Order, whether or not the producing non-party has also so designated. Non-party materials designated as CONFIDENTIAL INFORMATION by a non-party or party shall be governed by the terms of this Protective Order.

**Other**

18. Nothing in this Protective Order shall be deemed to preclude any party from seeking and obtaining, on an appropriate showing, additional protection with respect to the confidentiality of documents or other discovery material, or relief from this Protective Order with respect to particular material designated hereunder.

19. Each of the firms and parties named above shall be bound by the provisions of this Protective Order and shall use due care to see that its provisions are known and adhered to by those under its supervision or control.

**IT IS SO ORDERED** this 5th day of January, 2004.

Arthur J. Boylan
United States Magistrate Judge

**EXHIBIT A**

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| MINNESOTA MINING AND MANUFACTURING COMPANY & 3M INNOVATIVE PROPERTIES COMPANY, Plaintiffs, | ) |
| | ) Civil Action No. 01-607 (JRT/AJB) |
| v. | ) |
| | ) Judge John R. Tunheim |
| ACCO BRANDS, INC., and AMERICAN COVERS, INC., Defendants. | ) Magistrate Judge Arthur J. Boylan |
| 3M COMPANY, and 3M INNOVATIVE PROPERTIES COMPANY Plaintiffs, | ) |
| | ) Civil Action No. 02-4891 (JRT/AJB) |
| v. | ) |
| | ) Judge John R. Tunheim |
| VELO ENTERPRISE CO., LTD Defendant. | ) Magistrate Judge Arthur J. Boylan |

**STATEMENT OF ________________________________**

State of )
) ss.
County of )

____________________________________ being sworn, deposes and says:

1. I have been requested by counsel for (3M or ACCO or ACI or Velo) to assist counsel with certain material which I have been informed is Confidential Information within the terms of the Protective Order issued by the Court in the above-entitled action.

2. I have read the Protective Order dated ____________________, entered in this action and I agree not to disclose any information designated as Confidential Information and not to use such information other than in assisting counsel for (__________________).

3. I hereby agree to submit to the jurisdiction of the United States District Court for the District of Minnesota for enforcement of the undertakings I have made here and I appoint __________________________________ (Minnesota counsel for the party requesting assistance) as my agent to receive the service of process in that connection.

Signed:______________________________

Subscribed and sworn to before me this _______ day of _________________, 2003.

_____________________________________
Notary Public

**EXHIBIT B**

**AGREEMENT TO PROTECT**
**CONFIDENTIAL INFORMATION**

1. This Agreement is between (CONSULTANT) ____________________ ____________________________________________________________ and (NAME) ____________________________________________________ residing at (ADDRESS)____________________________________.

2. I understand that I will receive information that is confidential and is not to be disclosed to anyone (including my family members) outside the research group I am participating in today.

3. I agree not to disclose any information I learn today or to use such information outside the research group I am participating in today.

Signed:____________________________________

Date:_____________________________________

# UNITED STATES DISTRICT COURT
## District of Minnesota

Richard D. Sletten, Clerk

700 Federal Building
316 North Robert Street
St. Paul, MN 55101
(651) 848-1100

202 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415
(612) 664-5000

417 Federal Building
515 West. First Street
Duluth, MN 55802
(218) 529-3500

# CLERK'S NOTICE IN RE: PROTECTIVE ORDER

A Protective/Confidentiality Order has been entered in this action. You must comply with the guidelines set forth below when filing **confidential original** documents with the Clerk of U.S. District Court. **Failure to do so may result in documents NOT getting filed under seal.**

## Guidelines for Submission of Sealed Documents:

A. File ORIGINALS with the Clerk. Copies are for the Judge or Magistrate Judge.

B. Each ORIGINAL document is to be **sealed** (closed, fastened, taped, or otherwise secured) in a separate envelope of comparable size no larger than 9 x 12.
*LR 5.1: All pleadings, motions, and other papers presented for filing shall be on 8 1/2 x 11 inch white paper...flat and unfolded. This rule does not apply to: (1) exhibits submitted for filing; and, (2) documents filed in removed actions prior to removal from the state courts.*

C. EACH original document MUST be in a separate envelope, and the front of EACH envelope must include the following information:
- Action/case number
- Brief action/case title
- Party, name, and complete title of document (i.e. Deft. Johnson's Motion for Dismissal). Note: Motions, affidavits and memoranda are each considered a separate document.
- The word "**SEALED**" or "**CONFIDENTIAL**"

D. Copies MUST be together as a separate set in an envelope **addressed to the Judge or Magistrate Judge**.