IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| MINNESOTA MINING AND MANUFACTURING COMPANY & 3M INNOVATIVE PROPERTIES COMPANY,<br>Plaintiff,<br>v.<br>ACCO BRANDS, INC., and AMERICAN COVERS INC.,<br>Defendants, | Civil Action No. 01-607 (JRT/AJB) |

and

| | |
|---|---|
| 3M COMPANY & 3M INNOVATIVE PROPERTIES COMPANY,<br>Plaintiff,<br>v.<br>VELO ENTERPRISE CO., LTD.,<br>Defendant. | Civil Action No. 02-4891 (JRT/AJB) |

[redacted]

**SECOND SCHEDULING ORDER MODIFICATION**

This matter comes before the Court on the Second Stipulated Motion of all parties to Modify the Discovery Schedule set forth in the Court's Orders of December 12, 2003 in Case No. 01-607 and 02-4891. The motion has been fully briefed and submitted without oral argument. The Court finds that the extension is appropriate and will further the interests of judicial economy given defendants' need for additional time to consider plaintiffs' amended infringement claim charts before filing its Markman brief.

Accordingly, the Stipulated Motion is granted, and the December 12, 2003 Scheduling Order is hereby modified as follows:

1. On or before March 23, 2004, defendants may serve an Amended Non-Infringement Claim Charts in response to plaintiffs' Amended Claim Charts relating to the '544 and '403 patents.

2. On or before April 1, 2004, the parties shall file their Joint Claim Construction Statement including the information required by the December 12, 2003 Scheduling Order.

3. On or before April 1, 2004, defendants shall serve on plaintiff a list of all of the prior art on which it relies, and a complete and detailed explanation of what it alleges the prior art show and how the prior art invalidates the claim(s) asserted by plaintiff ("Defendant's Prior Art Statement").

4. On or before April 30, 2004, the parties shall serve and file briefs addressing the issues the parties anticipate will be placed before the Court at the Markman hearing.

5. On or before May 7, 2004, plaintiff shall serve on defendants "Plaintiff's Prior Art Statement," which will contain a complete and detailed explanation of its position on what the prior art relied upon by defendants shows, if its interpretation differs from defendants', and its position on why the prior art does not invalidate the patents-in-suit.

6. On or before May 14, 2004, the parties shall serve and file rebuttal briefs relating to the Markman hearing.

Dated: 4/2/04

Arthur J. Boylan
United States Magistrate Judge