**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**THIRD DIVISION**

---

MINNESOTA MINING AND MANUFACTURING CO., ET AL.,

Plaintiffs,

v.

ACCO BRANDS, INC., ET AL.,

Defendants.

Civil No. 01-607 JRT/AJB

**ORDER ON PLAINTIFFS' MOTION TO STRIKE DEFENDANTS' PRIOR ART STATEMENT**

---

MINNESOTA MINING AND MANUFACTURING CO.,

Plaintiff,

v.

VELO ENTERPRISES CO.,

Defendant.

Civil No. 02-4891 JRT/AJB

**ORDER ON PLAINTIFFS' MOTION TO STRIKE DEFENDANTS' PRIOR ART STATEMENT**

---

The above matter came before the court on Plaintiffs' Motion to Strike Defendants' Prior Art Statement. [01-607, Docket No. 105] [02-4891, Docket No. 64]. A hearing was held on May 10, 2004, at the U. S. Courthouse, 316 Robert St., St. Paul, Minnesota. J. Derek Vandenburgh, Esq., and Russell J. Rigby, Esq., appeared on behalf of Plaintiffs ("3M"). Kevin D. Conneely, Esq., appeared on behalf of the Defendants. Based on the file, memoranda and arguments of counsel,

**IT IS HEREBY ORDERED THAT:**

1. Plaintiffs' Motion to Strike Defendants' Prior Art Statement is **granted**. [01-607, Docket No. 105] [02-4891, Docket No. 64].

2. Defendants shall redraft their Prior Art Statement in compliance with this Order and serve it upon Plaintiffs within 20 days of this Order.

Dated: May 25, 2004

s/Arthur J. Boylan
Arthur J. Boylan
United States Magistrate Judge

## MEMORANDUM

35 U.S.C. § 282 sets forth a minimum period for the identification of prior art to be introduced as evidence of anticipation. However, a specific judicial directive for the timing of discovery establishes the procedures to which the parties are bound. ATD Corp. v. Lydall, Inc., 159 F.3d 534, 551 (Fed.Cir.1998). "[P]atent law litigation is not so very different from other types of complex civil litigation, and scheduling orders must mean something if the parties and the court are ever to achieve some sort of finality." ADC Telecom., Inc. v. Thomas & Betts Corp., 2001 WL 1381098, *4 (D.Minn.2001).

In this case, the December 12, 2003, scheduling order provides, "defendant shall serve on plaintiff a list of all of the prior art on which it relies and a complete and detailed explanation of what it alleges the prior art shows and how that prior art invalidates the claim(s) asserted by plaintiff." [01-607, Docket No. 96] [02-4891, Docket No. 55].

On April 2, 2004, this Court signed a "Second Scheduling Order Modification." [01-607, Docket No. 103] [02-4891, Docket No. 62]. It provided that, "On or before April 1, 2004, defendants shall serve on plaintiff a list of all of the prior art on which it relies, and a complete and detailed explanation of what it alleges the prior art shows and how the prior art invalidates the claim(s) asserted by plaintiff ("Defendant's Prior Art Statement")."

The parties are bound by this Court's scheduling orders. Although Defendants differentiate the description required here from the depth of analysis mandated in their claim chart, their prior art statement still fails to satisfy the scheduling order requirements. The scheduling order does not ask Defendants to "indicate which references are most pertinent and how these references invalidate the claims." (Def. Brief, p. 6). Rather, it requires a "complete and detailed explanation of what it alleges the prior art shows and how the prior art invalidates the claim(s) asserted by Plaintiff." Defendants must expand their descriptions of the prior art references cited and elaborate on how they consider the references to invalidate Plaintiffs' patents.

The purpose of the Prior Art Statement is to put Plaintiff on notice as to what prior art Defendants are relying on and why. Defendants cannot merely list prior art references. Here, Defendants' cursory treatment of most of the references identified falls short of the complete and detailed explanation required. The list of other references not explained at all misses the mark entirely.

Defendants' prior art statement shall detail:

(1) Each item of prior art that the party contends anticipates the claim and renders it obvious; and

(2) For each item of prior art, whether it anticipates the claim or renders it obvious, if a combination of prior art references renders a claim obvious, that

combination must be identified.

The identification of prior art must be as specific as possible. Each prior art patent shall be identified by its number, country of origin, and date of issue. Each prior art publication, shall be identified by its title, date of publication and, where feasible, its author and publisher. Prior art under 35 U.S.C. § 102(b) shall be identified by specifying the item offered for sale or publicly used, the date the offer or use took place, and the identity of the person or entity which made the use or which made and received the offer.

What Defendant has provided is far from a complete and detailed explanation of what it alleges the prior art shows. The current statement also fails to describe how the prior art invalidates Plaintiff's claims. Defendants must identify each known example of alleged prior art and describe the relationship between each such example of prior art and the claims of the patent.

Further, Defendants may not reserve the right to additionally rely on any prior art references from the ITC proceedings. Any reference on which Defendants plan to rely must be listed and explained in the prior art statement. Plaintiff should not have to sift through the ITC pleadings to find any prior art references or arguments that Defendants either forgot or intentionally omitted from their extensive list of prior art references.

AJB