**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**Third Division**

| | |
|---|---|
| **MINNESOTA MINING AND MANUFACTURING COMPANY, et al.,**<br><br>**Plaintiffs,**<br><br>**v.**<br><br>**ACCO BRANDS, INC., and AMERICAN COVERS, INC.,**<br><br>**Defendants.** | **Civil Action No. 01-607 JRT/AJB** |
| **MINNESOTA MINING AND MANUFACTURING COMPANY, et al.,**<br><br>**Plaintiffs,**<br><br>**v.**<br><br>**VELO ENTERPRISES CO., LTD,**<br><br>**Defendant.** | **Civil Action No. 02-4891 JRT/AJB** |

**DEFENDANT VELO ENTERPRISES CO., LTD.'S MEMORANDUM IN OPPOSITION TO 3M'S MOTION TO COMPEL DEPOSITION OF STELLA YU AND THE 30(b)(6) DEPOSITION OF VELO ENTERPRISE CO., LTD.**

Defendant Velo Enterprises Company Limited ("Velo") opposes plaintiff 3M Company's Motion to Compel. Velo requests this Court to order that the deposition of Velo pursuant to Rule 30(b)(6) and the deposition of Ms. Stella Yu ("Ms. Yu") take place in Taiwan at or near Velo's place of business.

## I. INTRODUCTION

The question before the Court is whether Velo's general manager and assistant general manager should be required to travel from Taichung, Taiwan, to Minneapolis, Minnesota, for

depositions. For the reasons set forth herein, this Court should adhere to the presumption that depositions of defendants and of corporations are conducted at the deponent's place of business.

## II. STATEMENT OF FACTS

3M Company ("3M") has sued Velo, American Covers, Inc. ("ACI"), and ACCO Brands ("ACCO") for alleged infringement of its patents on certain gel-filled wrist rest products. At the same time it filed its complaint in this case, 3M filed a complaint in the United States International Trade Commission ("ITC") involving the same parties and products as are involved here. *See* Declaration of Steven Adkins ("Adkins Dec."), ¶ 6. In the course of that proceeding, 3M's counsel traveled to Taiwan and deposed six Velo employees, including Ms. Yu and Mr. Wu. *See* Adkins Dec., Ex. 4 through 10. The parties were able to resolve the few disputes that arose during those depositions, and the intervention of the ITC was never required. *See* Adkins Dec., ¶ 6. Indeed, not once during the course of the ITC proceeding did 3M move to compel discovery from any party to this action who was a respondent there. *See id.*

3M has now served notices of deposition of Ms. Yu personally and Velo in this action as well. *See* Declaration of Matthew J. Goggin in Support of 3M's Motion to Compel the Deposition of Stella Yu and the 30(b)(6) Deposition of Velo Enterprise Co. Ltd. ("Goggin Dec."), Exs. 3 and 5. Ms. Yu is the president and general manager of Velo. *See* Declaration of Stella Yu ("Yu Dec."), ¶ 1. Pursuant to Fed. R. Civ. P. 30(b)(6), Velo designated Ms. Yu and Mr. Wu, Kuang-hui ("Mr. Wu"), Velo's assistant general manager, to be deposed on its behalf in response to the twenty topics noticed for deposition. *See* Adkins Dec., Ex. 2.

Ms. Yu and Mr. Wu both reside in Taichung, Taiwan, where Velo maintains its place of business. *See* Yu Dec., ¶¶ 1 and 4. Taichung is approximately a three and one-half hour drive from Taipei, the location of the nearest international airport in Taiwan. *See id.* ¶ 5. There are no

direct commercial flights from Taipei to Minneapolis, Minnesota, and a trip to Minneapolis would take at least fifteen hours each way. *See id.*, ¶ 6. Although Ms. Yu occasionally travels to the United States on business, she has no current plans to travel anytime soon, and Velo maintains no offices in this country. *See id.*, ¶ 7; Adkins Dec., Ex. 1. 3M, on the other hand, is a multi-billion international organization with offices in over sixty countries, including Taiwan. *See* Adkins Dec., Ex. 12.

Velo would suffer substantial hardship if Ms. Yu and Mr. Wu were required to be absent at the same time. *See* Yu Dec., ¶ 8. Despite the presumption that depositions of a defendant or a corporation will be held at that party's place of business, in order to avoid the expense of litigating this dispute, Velo offered to make Ms. Yu available for a deposition in San Francisco if 3M would agree to depose Mr. Wu in Taiwan or by video conference. *See id.*; Adkins Dec., Ex. 2. 3M rejected that offer. *See* Yu Dec., ¶ 8; Adkins Dec., Ex. 3. Nevertheless, Ms. Yu and Mr. Wu are still willing to travel to 3M's local counsel's office in Taipei in order to help accommodate 3M's counsel's travel. *See* Yu Dec., ¶ 8.

## III. SUMMARY OF ARGUMENT

When a defendant or a corporation has its place of business at a substantial distance from the forum, the deposing party is generally required to take depositions at a location in the vicinity of the deponent's place of business. Although the court has discretion to designate a different location, the burden is on the plaintiff to show exceptional or unusual circumstances to overcome the presumption. In this case, there are no exceptional or unusual circumstances justifying the plaintiff's selection. It is no more difficult for the plaintiff's counsel to travel to Taiwan than for the deponents to travel to Minnesota, nor is Velo in a better position to absorb the cost of travel than 3M. The fact that there are two deponents, both of whom can be available for deposition in

Taiwan at the same time, is a counsels in favor of having the depositions in Taiwan, rather than requiring both deponents to travel overseas from their homes and business. Contrary to 3M's assertions, there is no need for the Court to be immediately accessible and involved during the depositions themselves. In the ITC proceeding, 3M never attempted to schedule any conference with the Administrative Law Judge ("ALJ") during the deposition. If a need to for a conference with the Court were to arise, counsel can be available for such a call.[1]

## IV. APPLICABLE LAW

"In the absence of exceptional or unusual circumstances, when a deponent resides at a substantial distance from the deposing party's residence, the deposing party should be required to take the deposition at a location in the vicinity in which the deponent resides, even if the deponent is a party." *General Leasing Co. v. Lawrence Photo-Graphic Supply, Inc.*, 84 F.R.D. 130, 131 (D. Mo. 1979). Likewise, "[the] deposition of a corporation by its agents and officers should ordinarily be taken at its principal place of business." *Thomas v. IBM*, 48 F.3d 478, 483 (10th Cir. 1995) (quoting 8A Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure: Civil 2112 at 81 (1994)); *see Salter v. Upjohn Co.*, 593 F.2d 649, 651 (5th Cir. 1979).

The reason is that "the defendants . . . are not before the court by choice. Thus, courts have held that plaintiffs normally cannot complain if they are required to take discovery at great distances from the forum." *Farquhar v. Shelden*, 116 F.R.D. 70, 72 (E.D. Mich 1987) (affirming denial of plaintiff's request to depose the defendant in Michigan instead of the Netherlands).

[1] Pursuant to Fed. R. Evid. 201, this Court can take judicial notice that Taiwan time is thirteen hours ahead of Minnesota time. If a dispute were to arise, The parties (3M or Velo) could telephone or write to the Court, seek a conference, and make themselves available in the early morning or late evening or night conference.

In *Thompson v. Sun Oil Co.*, 523 F.2d 647 (8th Cir. 1975) (per curiam), the Court of Appeals for the Eighth Circuit upheld the district court's decision not to compel the out-of-state defendant to make its corporate officers available for deposition in Omaha, Nebraska. "The Company would have incurred considerable expense in transporting the persons to Omaha who Thompson sought to depose." *See Thompson*, 523 F.2d at 650. The presumption that depositions will be conducted at the deponent's place of business is routinely applied with respect to foreign defendants as well. *See Farquhar v. Shelden*, 116 F.R.D. at 72 (requiring plaintiff to travel to the Netherlands for deposition of the defendant); *Huynh v. Werke*, 90 F.R.D. 447, 449 (S.D. Ohio 1981) (requiring plaintiff to travel to Germany for depositions of defendant's employees); *Bank of New York v. Meridien Biao Bank Tanzania*, 171 F.R.D. 135, 155 (S.D.N.Y. 1997) (requiring plaintiff to travel to London for deposition of defendant from Tanzania).

## V. ARGUMENT AND AUTHORITIES

### A. 3M Has Failed to Meet Its Burden to Demonstrate That Depositions in Minneapolis Would Be Substantially More Convenient Than in Taipei.

3M claims that its expenses will be higher if it has to depose Velo and Ms. Yu in Taiwan because it requires *two* attorneys, a court reporter, and a translator. *See* Memorandum in Support of 3M's Motion to Compel the Deposition of Stella Yu and the 30(b)(6) Deposition of Velo Enterprise Co., Ltd. ("Motion to Compel"), at 12. 3M makes no argument and presents no evidence as to why two attorneys are necessary to depose one person. Furthermore, Taiwanese-English translators/interpreters are readily available in Taiwan. *See* Yu Dec., ¶ 9. It would be at least as burdensome to require Velo's general manager and assistant general manager to travel from Taichung to Minneapolis as it would be to require one of 3M's attorneys and a court reporter to travel to Taipei. Thus, this Court should deny 3M's motion and grant the protective

order sought here by Velo. *See Snow Becker Krauss P.C. v. Proyectos E Instalaciones de Desalacion*, 92 Civ. 2644 (LMM), 1992 U.S. Dist. LEXIS 19026, at *7 (S.D.N.Y. Dec. 8, 1992) ("Defendants have fulfilled their burden of demonstrating "good cause" as required by Fed. R. Civ. P. 26(c) merely by objecting to the burden and expense of transporting their designated employees to New York [from Spain] for the purpose of taking depositions. There is a presumption in favor of taking depositions of a corporation in its principal place of business").

One significant factor in determining where a deposition should be held is the number of deponents to be examined. *See Archer Daniels Midland Co. v. Aon Risk Servs.*, 187 F.R.D. 578, 588 (D. Minn. 1999). 3M's notice of deposition of Velo Enterprise lists twenty categories of examination questions, including several highly technical categories that only certain key personnel in Velo would be qualified to address. *See* Goggin Dec., Ex. 5. For example, the categories range from business aspects such as the "[i]dentity of Velo's customers in the United States" to specialized scientific categories such as "each chemical formulation or chemical composition that has ever been used for the gel in any gel-filled wrist rest product made or sold by Velo." *See id.* It would simply not be possible for a single witness from Velo to testify competently as to the full range of subjects expected to be covered. To meet its obligations under Rule 30(b)(6), it is necessary for Velo to designate more than one witness to address the subjects designated. *See* Adkins Dec., Ex. 2.

Ms. Yu has had occasion to visit the United States a number of times. Her latest trip to the United States in December, 2003, was for the purpose of visiting Velo customers. *See* Yu Dec., ¶ 7. She did not make the trip to the United States simply to discuss the pending litigation with Fellowes, Inc. *See id.* In a spirit of cooperation, counsel for Velo checked with Ms. Yu to

determine whether she had any plans to travel to the United States at a time convenient for 3M's counsel to conduct a deposition, but she had no such plans. *See* Adkins Dec., Ex. 1.

Mr. Wu will be necessary to address a number of the technical and scientific aspects of the Velo deposition designation. As Mr. Wu is the assistant general manager for Velo, it would be a significant hardship to Velo for Ms. Yu and Mr. Wu to be away in the United States simultaneously. *See* Yu Dec., ¶ 8.

3M asserts, irrelevantly, that Velo has "vigorously participated in the legal proceedings here and in the ITC." Motion to Compel at 11. Velo has participated in the proceedings not by choice, but as an unwilling defendant. *See, e.g.*, *Farquhar v. Shelden*, 116 F.R.D. at 72. It is 3M who brought the actions and chose the forums. It is 3M who should bear the costs if the fora they chose are inconvenient for deposing foreign witnesses.

The fact that there have already been depositions in Taiwan by 3M and trial testimony before the International Trade Commission is a factor that counsels against 3M's extraordinary request. *See Salter v. Upjohn Co.*, 593 F.2d at 651. If 3M feels it must subject Ms. Yu and Velo to yet another round of examinations, it should at least be prepared to bear some of the costs and reduce the burden on this defendant. *See id.*

*Mill Run Tours, Inc. v. Khashoggi*, 124 F.R.D. 547 (S.D.N.Y. 1989), cited by 3M, does not advance 3M's position.[2] In that case, multiple parties were located in several different foreign countries. *Mill Run*, 124 F.R.D. at 551. The parties had agreed that the prevailing party in the litigation would bear the costs of litigation. *See id.* New York was the site of the

[2] Indeed, 3M can cite no case from a court in the Eighth Circuit that has ever required a defendant or corporation to travel from its place of business to be deposed. *See, e.g.*, *Thompson v. Sun Oil Co.*, 523 F.2d 647 (8th Cir. 1975) (per curiam); *Archer Daniels Midland Co. v. Aon Risk Servs.*, 187 F.R.D. 578, 588 (D. Minn. 1999); *General Leasing Co. v. Lawrence Photo-Graphic Supply, Inc.*, 84 F.R.D. 130, 131 (D. Mo. 1979). Rather, 3M is forced to rely entirely on inapposite decisions from other circuits.

transactions at issue and was the only forum where the plaintiff could have brought its action. *See id.* Most importantly, the defendants in that case failed to provide any evidence to counter the plaintiff's evidence as to the convenience of the parties, or even to establish the residence of some of the parties. *See id.* Here, on the other hand, 3M selected the forum exclusively for its own convenience. While this was not improper, 3M should be required to conduct the depositions in a place convenient for the defendant. Furthermore, Velo has more than adequately established the residence and place of business of the deponents, and the reasons why travel to Minneapolis would be unduly inconvenient for them. 3M, with offices around the world and in Taipei, can hardly claim that it is prejudiced by doing what it did before the ITC: traveling to Taiwan to conduct discovery. *See* Adkins Dec., Ex. 12.

**B. 3M Has Failed to Demonstrate a Need for Close Judicial Supervision During the Depositions.**

3M has demonstrated no need for close judicial supervision during the depositions. While 3M now claims that there were problems during the deposition in Taiwan before, 3M never once sought the intervention of the ALJ. *See* Adkins Dec., ¶ 6. It is disingenuous for 3M to continue such claims now to support the extraordinary relief it seeks. During the litigation before the ITC, there was never any need for judicial intervention in the discovery process. *See* Adkins Dec., ¶ 6. 3M was evidently satisfied with the conduct of Velo's counsel, as it never raised any motion to compel or motion for sanctions. *See id.*

In the deposition transcript cited by 3M, plaintiff's counsel was examining Ms. Yu about chemical components of Velo's gel product. *See* Goggin Dec., Ex. 15, at 22. When Ms. Yu attempted to consult her notes, 3M's counsel demanded that Velo's counsel turn them over on the table so that Ms. Yu could not see them. *See id.* Velo's counsel attempted to resolve the dispute by asking for clarification as to whether Ms. Yu was being examined in her personal

capacity, or in her capacity as a Rule 30(b)(6) designee for Velo. *See id.* at 24. Although 3M's counsel at first refused to answer, the matter was resolved after he eventually stated that the deposition was in Ms. Yu's personal capacity. *See id.* at 27-28.

Deponents designated under Rule 30(b)(6) testify on behalf of the corporation, and are therefore frequently required to testify to matters of which they do not have direct, personal knowledge. *See United States v. Taylor*, 166 F.R.D. 356, 351 (N.D.N.C. 1996). Consequently, Rule 30(b)(6) deponents are routinely permitted to review documents if necessary to refresh their recollection during the examination.[3] *See Detoy v. City & County of San Francisco,* 196 F.R.D. 362, 365 (N.D. Cal. 2000). It was plainly appropriate for Velo's counsel to seek clarification as to whether the deposition of Ms. Yu was in her personal capacity or on behalf of the company under Fed. R. Civ. P. 30(b)(6). Once 3M's counsel clarified the matter, there was no further dispute and no need for intervention by the ITC.

If, unlike before, significant disputes arise during the depositions in Taiwan, the parties and counsel will certainly be able to resolve them without the need for a federal judge or magistrate in the same time zone. If either party believes that counsel for the other side impedes the deposition improperly, and cannot get relief from the Court by an early morning or evening telephone conference, the remedy will be to seek sanctions such as reasonable costs and attorney fees from the party or counsel responsible. *See* Fed. R. Civ. P. 30(d)(3). An on-site referee is unnecessary.

3M relies heavily on the unreported case, *Dean Foods Co. v. Eastman Chemical Co.*, Nos. C 00-4379 WHO, C 00-4402 WHO, 2001 U.S. Dist. LEXIS 25447 (N.D. Ca. Aug. 13,

---

[3] At the suggestion of Velo's counsel, the notes relied upon by Ms. Yu in giving testimony on behalf of Velo were provided to 3M during the deposition and were marked as an exhibit in that deposition. *See* Adkins Dec., ¶ 7.

2001), in which a court denied the defendants' request for a protective order requiring depositions in Japan. The court relied heavily on procedural difficulties in scheduling a deposition in Japan. *See, e.g., Dean Foods Co.*, 2001 U.S. Dist. LEXIS 25447, at *23. Depositions in Japan must be conducted at the United States consulate during business hours, and each attorney must obtain a special visa that can only be granted after the consulate has confirmed a reservation. *See id.* 3M has made no such showing that Taiwanese law would pose any obstacle to a deposition. Indeed, 3M's counsel has conducted depositions of the same deponents in Taiwan with little difficulty in the closely-related litigation before the ITC. *See* Adkins Dec., Exs. 4 through 10. Furthermore, unlike the plaintiffs in *Dean Foods Co.*, 3M has never offered to pay the defendants' travel expenses to the United States. *See Dean Foods Co.*, 2001 U.S. Dist. LEXIS 25447, at 17-18, 24-25. *Dean Foods* is plainly distinguishable.

"[T]hat discovery disputes may arise does not justify, in the eyes of this Court, requiring depositions to be taken in the forum; such a conclusion would collapse the presumption in favor of deposing corporate defendants in their place of business and amounts to overprotection of a court's interest. Discovery disputes can be, and usually are, avoided and the Court will not anticipate disputes by requiring the parties to appear in the forum for deposition." *Snow Becker Krauss P.C.*, 1992 U.S. Dist. LEXIS 19026, at *8 (refusing to require Spanish defendant to produce officers for depositions in New York).

## VI. CONCLUSION

3M has presented no persuasive reason for this Court to disregard the presumption in federal court that depositions of defendants and corporations be held at the deponent's place of business. This Court should deny the extraordinary relief 3M seeks and order that depositions of

Ms. Yu and Velo will take place in Taipei, Taiwan on a date to be agreed upon by the parties, and to grant such other relief as the Court may deem appropriate.

May 27, 2004

Respectfully submitted,

**s/ Kevin D. Conneely**
Frederick W. Morris – Bar Number 75358
Jeffrey A. Eyres – Bar Number 228527
Kevin D. Conneely –Bar Number 192703
Attorneys for Defendant ACCO Brands, Inc., American Covers, Inc. and Velo Enterprises, Co., Ltd.
LEONARD, STREET AND DEINARD
A Professional Association
150 South Fifth Street, Suite 2300
Minneapolis MN 55402
(612) 335-1500 (tel.)
(612) 335 1657 (fax)

AND

Lawrence J. Gotts
Steven E. Adkins
Elizabeth Miller Roesel
Matthew J. MacLean
Chad D. Wells
SHAW PITTMAN LLP
1650 Tysons Boulevard
McLean, VA 22102-4859
(703) 790-7900 (tel.)
(703) 770-7901 (fax)