IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| MINNESOTA MINING AND MANUFACTURING COMPANY & 3M INNOVATIVE PROPERTIES COMPANY,<br><br>Plaintiffs,<br><br>v.<br><br>ACCO BRANDS, INC., and AMERICAN COVERS, INC.,<br><br>Defendants. | Civil Action No. 01-607 (JRT/AJB)<br><br>Judge John R. Tunheim<br>Magistrate Judge Arthur J. Boylan |
| 3M COMPANY, and 3M INNOVATIVE PROPERTIES COMPANY,<br><br>Plaintiffs,<br><br>v.<br><br>VELO ENTERPRISE CO., LTD.,<br><br>Defendant. | Civil Action No. 02-4891 (JRT/AJB)<br><br>Judge John R. Tunheim<br>Magistrate Judge Arthur J. Boylan |

**DECLARATION OF RUSSELL J. RIGBY IN SUPPORT OF**
**3M'S MOTION FOR ISSUANCE OF A LETTER OF REQUEST**

1. This declaration is submitted on behalf of 3M in support of 3M's Motion for Issuance of a Letter of Request. This declaration is made on my own knowledge except as otherwise indicated.

2. I am an attorney with Carlson, Caspers, Vandenburgh & Lindquist P.C., counsel for 3M in the above-identified action.

3. On June 9, 2004, I spoke with Steven Adkins, counsel for ACCO, Velo, and ACI in this matter. Mr. Adkins indicated that they did not oppose 3M's motion for issuance of a Letter of Request.

4. Attached hereto as Exhibit 1 is a true and correct copy of Plaintiffs' First Set of Interrogatories to ACCO Brands Inc. (Nos. 1-8).

5. Attached hereto as Exhibit 2 is a true and correct copy of Defendant ACCO Brands Inc.'s Response to Plaintiffs' First Set of Interrogatories (Nos. 1-8).

6. Attached hereto as Exhibit 3 is a true and correct copy of Defendant ACCO Brands, Inc.'s First Supplemental Response to Plaintiffs' First Set of Interrogatories to ACCO Brands Inc. (Nos. 1, 2, 4-6, and 8). [**FILED UNDER SEAL**]

7. Attached hereto as Exhibit 4 is a true and correct copy of a letter to Matthew J. Goggin from Jon O. Nelson, counsel for CompX International Inc.

8. Attached hereto as Exhibit 5 is a true and correct copy of an executed Agreement between Velo Enterprise Co. Ltd. and CompX International Inc. [**FILED UNDER SEAL**]

9. Attached hereto as Exhibit 6 is a true and correct copy of email correspondence between ACCO, Waterloo, and Velo that was produced by Velo in this action. [**FILED UNDER SEAL**]

I declare under penalty of perjury that the foregoing is true and correct.

Executed on June 9, 2004

s/ Russell J. Rigby______________
Russell J. Rigby

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| MINNESOTA MINING AND MANUFACTURING COMPANY & 3M INNOVATIVE PROPERTIES COMPANY, Plaintiffs, | Civil Action No. 01-607 (JRT/AJB) |
| v. | Judge John R. Tunheim<br>Magistrate Judge Arthur J. Boylan |
| ACCO BRANDS, INC., and AMERICAN COVERS, INC. Defendants. | |

**PLAINTIFFS' FIRST SET OF INTERROGATORIES**
**TO ACCO BRANDS, INC. (NOS. 1-8)**

Pursuant to Rules 26 and 33, Fed. R. Civ. P., Plaintiffs 3M Company (formerly Minnesota Mining and Manufacturing Company) and 3M Innovative Properties Company (jointly referred to as "3M"), by and through their undersigned counsel, request that Defendant ACCO Brands, Inc. ("ACCO") answer each of the following interrogatories under oath and serve the answers on Plaintiffs' attorneys within thirty (30) days of service hereof.

If any interrogatory is unclear, please contact the undersigned counsel and, if possible, the interrogatory will be clarified in a reply letter. Any such reply may be treated as a modification of the interrogatory or portion thereof.

**TERMS AND DEFINITIONS**

The following definitions shall apply to these Interrogatories:

"3M" means 3M Company and 3M Innovative Properties Company and.

"Defendant" means ACCO Brands, Inc., including any parent, subsidiary, affiliate, division, partner, joint venturer, predecessor, or successor thereof.

"Gel-filled Wrist Rest Product" means (1) any product that provides a cushioned surface for supporting the wrist or hand of a person while he or she is using a computer keyboard, mouse, or other computer appliance, wherein the cushioned surface includes a gel as one of its components; or (2) any product that constitutes or includes any of the wrist rest assemblies described or claimed in United States Patent No. 5,713,544; or (3) any product that includes as a component one of the products described in parts (1) or (2) of this definition.

"Litigation" means any proceeding before a court or administrative agency inside or outside the United States, including lawsuits, patent prosecutions, patent reissue proceedings, patent reexamination proceedings, patent interference proceedings, patent opposition proceedings, patent revocation proceedings, and infringement proceedings.

"Patent Office" means the United States Patent and Trademark Office, unless otherwise indicated.

"Prior Art" means any documents or acts that qualify as prior art under any of the subdivisions of 35 U.S.C. §§ 102 and 103.

"The '544 Patent" means United States Patent No. 5,713,544, issued February 3, 1998.

## INSTRUCTIONS

1. If an interrogatory asks you to describe something, please provide a narrative explanation of that thing and identify all people, events, and documents that must be identified to make your answer complete.

2. If an interrogatory asks you to identify a natural person, please state his or her name, last known business address and telephone number, and current employer and title.

3. If an interrogatory asks you to identify a legal person or business entity (such as a corporation, partnership, or any other business form), please state the full name of the entity, the

address of its principal office, and the legal form of the entity (whether a corporation, partnership, or other business form).

4. If an interrogatory asks you to identify a communication, please state the date that the communication occurred; state whether the communication was written or oral; if the communication was written, identify its author and all recipients; if the communication was oral, identify all persons who participated in the communication; describe the substance of the communication; and identify any documents that either constitute, or record, the substance of, the communication.

5. If an interrogatory asks you to identify a document or tangible thing, please state the date it was created; identify its author; identify its recipients; describe its contents with sufficient particularity so that it can be identified; and identify its location and custodian. In the alternative, you may identify by document number any responsive documents that you produce in this litigation.

6. If an interrogatory asks you to identify a fact, please describe the fact, state when you learned of it, identify the source from which you learned the fact, and identify any documents that provide evidence of the fact.

7. If an interrogatory asks you to identify a patent or patent application, please state: the country in which it was filed; its application and patent numbers; the dates that it was filed, published, and issued as a patent; the identity of any corresponding patents or applications in other countries; and the current status of the application or patent.

## INTERROGATORIES

**Interrogatory No. 1:**

Identify every gel-filled wrist rest product you have ever sold, and for each such product, provide a complete list of all names, model numbers, SKU numbers, or other product identifiers that you or your customers have used to describe the product.

**Interrogatory No. 2:**

For each gel-filled wrist rest product that you identified in response to Interrogatory No. 1, provide the following information about your sales of the product, for every month and year the product has been sold:

(a) the unit selling price;

(b) the total sales in dollars and units;

(c) the identities of the purchasers of the products;

(d) the cost per unit sold, by category of cost, separately identifying all costs for the product, advertising, shipping, labor associated with selling, general and administrative expense associated with selling, and any other category of cost that you track in your records;

(e) gross and net profits per unit;

**Interrogatory No. 3:**

For each gel-filled wrist rest product that you identified in response to Interrogatory No. 1, identify every person or entity responsible for, or knowledgeable about, the product's design, development, specification, testing, manufacturing, marketing, advertising, sales, costs and profits.

**Interrogatory No. 4:**

For each gel-filled wrist rest product that you identified in response to Interrogatory No. 1, please provide the following information about the gel used in the product:

(a) A description of each ingredient, component, reactant, catalyst, chemical formulation and/or composition used to make the gel in the product;

(b) a detailed, step-by-step description of the process used to make the gel in the product, including but not limited to, a recitation of all times, temperatures, volume, weights, pressures, atmospheres (e.g., vacuum, nitrogen), agitation type and rate, and the size, shape and type of vessel(s) or other devices used to mix or combine the ingredients;

(c) a description of all physical properties or characteristics of the gel of which you are aware, or which you specify to your supplier; and

(d) the identities of the supplier of the gel or any of its ingredients.

**Interrogatory No. 5:**

For each gel-filled wrist rest product that you identified in response to Interrogatory No. 1, describe all testing done on the product, including when and where the tests were performed, who conducted them, and the results.

**Interrogatory No. 6:**

Explain in detail your basis for contending that the '544 patent is invalid and unenforceable, including a complete description of all facts and identification of all prior art that support those contentions.

**Interrogatory No. 7:**

For each gel-filled wrist rest product that you identified in response to Interrogatory No. 1, describe the categories or types of information that you maintain in your computer system or possess in computer readable form that relate to the following topics:

(a) suppliers and customers of the product;

(b) the manufacture, design, and assembly of the product (including, but not limited to, product specifications); and

(c) sales, costs, profits and distribution of the product.

**Interrogatory No. 8:**

Describe any changes you have made in your gel-filled wrist rest products since 3M filed its complaint in ITC Inv. No. 337-TA-456, and explain in detail the reasons for the changes.

3M COMPANY AND
3M INNOVATIVE PROPERTIES CO.,

By their attorneys,

Dated: Apr. 26, 2003

Matthew Goggin

David K. Tellekson (# 173,836)
Matthew J. Goggin (#210,705)
MERCHANT & GOULD P.C.
3200 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
telephone: 612.332.5300
facsimile: 612.332.9081

Alan G. Carlson (#14,801)
CARLSON, CASPERS,
VANDENBURGH & LINDQUIST
225 South Sixth Street
Suite 3200
Minneapolis, MN 55402
telephone: 612.436.9600
facsimile: 612.436.9605

Hildy Bowbeer, Esq
George W. Jonas, Esq.
3M Company
Office of Intellectual Property Counsel
3M Center
P.O. Box 33427
St. Paul, MN 55133-3427

K:\CLIENTS\01\01456\273USZB\pleadings\Interrogatories 1st set - Acco.doc

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| MINNESOTA MINING AND MANUFACTURING COMPANY, *et al.*<br><br>Plaintiffs,<br><br>v.<br><br>ACCO BRANDS, INC., *et al.*<br><br>Defendants. | Civil Action No. 01-607 JRT/AJB |

**DEFENDANT ACCO BRANDS, INC.'S RESPONSE TO PLAINTIFFS' FIRST SET OF INTERROGATORIES (NOS. 1-8)**

Defendant ACCO Brands, Inc. ("ACCO"), by counsel, and pursuant to Federal Rule of Civil Procedure 33, hereby responds to Plaintiffs 3M Innovative Properties Company and Minnesota Mining and Manufacturing Company's (collectively, "3M") First Set of Interrogatories to ACCO as follows:

**GENERAL RESPONSE**

1. ACCO has not yet completed its discovery relating to this proceeding, and its investigation of the facts is continuing. ACCO's responses to 3M's First Set of Interrogatories, therefore, are made without prejudice to ACCO's right to supplement its identification and production of documents, its responses to these and other interrogatories, and other evidence of any kind in this proceeding, as contemplated by the relevant rules.

2. ACCO responds to 3M's First Set of Interrogatories as it interprets and understands each term or phrase set forth therein. If 3M subsequently asserts an

interpretation of any term or phrase that differs from ACCO's understanding of that term or phrase, ACCO reserves the right to supplement its objections and/or responses.

## OBJECTIONS

### Objections To Definitions And Instructions

1. ACCO objects to the "Instructions" and "Definitions" set forth in the Interrogatories insofar as they seek to impose upon ACCO unduly burdensome and onerous duties neither found in nor contemplated by the Federal Rules of Civil Procedure, this Court's Local Rules or Magistrate Judge Boylan's April 18, 2003, Pretrial Scheduling Order (the "Scheduling Order").

2. ACCO objects to the "Instructions" and "Definitions" set forth in the Interrogatories to the extent that the definitions employed render them unduly burdensome, oppressive, overly broad, ambiguous, confusing or vague.

3. ACCO objects to the "Instructions" and "Definitions" set forth in the Interrogatories to the extent that they seek a response about which ACCO would have to draw a legal conclusion in order to make a proper response.

4. ACCO objects to the "Definitions" set forth in the Interrogatories to the extent that they purport to include ACCO's attorneys in the definition of "ACCO."

5. ACCO objects to the "Definitions" set forth in the Interrogatories because they purport to include the term "affiliate" in the definition of "ACCO" and seek information from corporate entities that are separate and distinct from ACCO and who are not parties to this action.

6. ACCO further objects to the "Instructions" and "Definitions" set forth in the Interrogatories to the extent that they seek the disclosure of matters that are privileged or protected under the work product doctrine, the attorney-client privilege, or any other applicable privilege or immunity.

7. ACCO objects to 3M's definition of "Gel-filled Wrist Rest Product" as vague and ambiguous. Specifically, for example, none of ACCO's accused wrist rest products is described or claimed in the Wolf patent. ACCO responds to those interrogatories that include the phrase "Gel-filled Wrist Rest Product" subject to the above-stated objection, and interprets the phrase "Gel-filled Wrist Rest Product" to mean simply "Wrist Rest Product", regardless of the specific material with which it is filled.

Objections To Interrogatories

The following general objections are made to each interrogatory in 3M's First Set of Interrogatories, as applicable, in addition to those objections that are made to particular interrogatories:

1. ACCO objects to 3M's First Set of Interrogatories to the extent the Interrogatories seek information neither relevant to the subject matter of the investigation nor reasonably calculated to lead to the discovery of admissible evidence, or otherwise beyond the scope of permissible discovery in this proceeding.

2. ACCO objects to 3M's First Set of Interrogatories to the extent the Interrogatories purport to impose obligations beyond those contained in or contemplated by the Federal Rules of Civil Procedure.

3. ACCO objects to each interrogatory to the extent that it seeks the disclosure of information that is privileged under the attorney-client privilege, work product doctrine, or any other applicable privilege or immunity. Any inadvertent disclosure of such protected information shall not be deemed to be a waiver of any privilege, immunity, or other ground for nondisclosure with respect to such information.

4. ACCO objects to each interrogatory to the extent that its answer can only be derived from documents not in the possession, custody, or control of ACCO. ACCO responds herein based upon the information currently in its possession, and will supplement these Responses consistent with the Federal Rules of Civil Procedure.

5. ACCO objects to each interrogatory to the extent that ACCO would be required to speculate as to the meaning of the interrogatory in order to respond properly.

6. Consistent with Federal Rules of Civil Procedure 26(b)(2) and 33(d), ACCO objects to providing responses to 3M's First Set of Interrogatories where the information can be derived from documents that are publicly available or will be produced for inspection, and the burden of deriving or ascertaining the information is substantially the same for 3M as it is for ACCO.

7. ACCO makes its responses without waiver of, subject to, and expressly preserving: (i) the right to object to any demand for further response to this or any other set of Interrogatories; (ii) the right to supplement or modify these responses at

any time inasmuch as discovery is continuing, and the responses set forth herein are preliminary and may be amended, clarified, corrected, revised or supplemented to the extent required or permitted by applicable rules; (iii) all questions and objections as to the competence, relevance, materiality and admissibility as evidence for any purpose of the responses, in any aspect of this or any other action or judicial or administrative proceeding or investigation; and (iv) the right to object on any ground to the use of any such responses in any aspect of this or any other action or judicial or administrative proceeding or investigation.

8. ACCO objects to the Interrogatories because, inasmuch as no time period is specified, they are unduly burdensome, overly broad and oppressive.

9. ACCO objects to 3M's First Set of Interrogatories to the extent the interrogatories purport to require the disclosure of information that is confidential business information in the absence of an appropriate Protective Order.

## SPECIFIC OBJECTIONS AND RESPONSES

The following objections and responses are made subject to and without waiver of the foregoing general objections, and with all general objections incorporated into each of the following responses, as applicable:

INTERROGATORY NO. 1:

Identify every gel-filled wrist rest product you have ever sold, and for each such product, provide a complete list of all names, model numbers, SKU numbers, or other product identifiers that you or your customers have used to describe the product.

RESPONSE TO INTERROGATORY NO. 1:

ACCO specifically objects to this interrogatory on the grounds that it is overly broad, unduly burdensome, and seeks information that is neither relevant to the issues in this investigation nor reasonably calculated to lead to the discovery of admissible evidence. Moreover, the interrogatory improperly seeks information that is not in the possession, custody or control of ACCO. ACCO also objects to this interrogatory to the extent that it is vague and ambiguous.

Subject to and without waiver of its objections, ACCO responds as follows:

| *Product Name* | *SKU No.* |
|---|---|
| Adjustable Gel Mouse Pad | L57711A |
| Adjustable Gel Wrist Pad | L22701B |
| Slim Gel Wrist Pad | L22711B |
| Adj. Gel Keyboard Platform | L34702A |
| Adj. Gel Ext Keyboard Platform | L36702A |
| Gel Wrist Pillow | L62083 |
| Gel Mouse Wrist Pillow | L62084 |
| Pillow Gel Platform | L62085 |
| Pillow Gel Extended Platform | L62086 |
| Pillow Gel Palm Rest Blue | L40408 |
| Pillow Gel Palm Rest Black | L40403A |
| Gel Wrist Pillow Blue | L62093 |
| Gel Mouse Wrist Pillow Blue | L62094 |
| Battery Saver Wrist Pad | L12012 |
| Underdesk SuperShelf Plus | K60004B |
| Desktop SuperShelf Plus | K60006B |
| EasyMount Underdesk SShelf Plu | K60007B |
| Adjustable Underdesk SuperShelf | K60033 |
| Articulating Underdesk SuperSh | K60037 |
| Fully Articulating SuperShelf | K60044 |
| Desktop SuperShelf | K60045A |
| Underdesk EasyMount II | K60019 |

INTERROGATORY NO. 2:

For each gel-filled wrist rest product that you identified in response to Interrogatory No. 1, provide the following information about your sales of the product, for every month and year the product has been sold:

(a) the unit selling price;

(b) the total sales in dollars and units;

(c) the identities of the purchasers of the products;

(d) the cost per unit sold, by category of cost, separately identifying all costs for the product, advertising, shipping, labor associated with selling, general and administrative expense associated with selling, and any other category of cost that you track in your records;

(e) gross and net profits per unit;

RESPONSE TO INTERROGATORY NO. 2:

ACCO specifically objects to this interrogatory on the grounds that it is overly broad, unduly burdensome, and seeks information that is neither relevant to the issues in this investigation nor reasonably calculated to lead to the discovery of admissible evidence. Moreover, the interrogatory improperly seeks information that is not in the possession, custody or control of ACCO. ACCO also objects to this interrogatory to the extent that it is vague and ambiguous. ACCO further objects to this interrogatory to the extent that it is premature inasmuch as it does not comply with the Scheduling Order in this action that requires 3M first to identify those products that it accuses of infringing any claims of the Wolf patent.

ACCO further objects to this interrogatory to the extent that it purports to require the disclosure of confidential business information in the absence of an appropriate Protective Order.

Subject to and without waiver of its objections, and subject to ACCO's right to supplement its discovery responses seasonably, ACCO responds as follows:

Once 3M complies with the Scheduling Order and identifies those products, if any, that it claims infringe any claim of the Wolf patent, and upon the entry of an appropriate Protective Order, ACCO will provide a response to this interrogatory to the extent appropriate.

INTERROGATORY NO. 3:

For each gel-filled wrist rest product that you identified in response m Interrogatory No. 1, identify every person or entity responsible for, or knowledgeable about, the product's design, development, specification, testing, manufacturing, marketing, advertising, sales, costs and profits.

RESPONSE TO INTERROGATORY NO. 3:

ACCO specifically objects to this interrogatory on the grounds that it is overly broad, unduly burdensome, and seeks information that is neither relevant to the issues in this investigation nor reasonably calculated to lead to the discovery of admissible evidence. Moreover, the interrogatory improperly seeks information that is not in the possession, custody or control of ACCO. ACCO also objects to this interrogatory to the extent that it is vague and ambiguous. ACCO further objects to this interrogatory to the extent that it is premature inasmuch as it does not comply with the Scheduling Order in this action that requires 3M first to identify those products that it accuses of infringing any claims of the Wolf patent.

ACCO further objects to this interrogatory to the extent that it purports to require the disclosure of confidential business information in the absence of an appropriate Protective Order.

Subject to and without waiver of its objections, and subject to ACCO's right to supplement its discovery responses seasonably, ACCO responds as follows:

Once 3M complies with the Scheduling Order and identifies those products, if any, that it claims infringe any claim of the Wolf patent, and upon the entry of an appropriate Protective Order, ACCO will provide a response to this interrogatory to the extent appropriate.

INTERROGATORY NO. 4:

For each gel-filled wrist rest product that you identified in response to Interrogatory No. 1, please provide the following information about the gel used in the product:

(a) A description of each ingredient, component, reactant, catalyst, chemical formulation and/or composition used to make the gel in the product;

(b) a detailed, step-by-step description of the process used to make the gel in the product, including but not limited to, a recitation of all times, temperatures, volume, weights, pressures, atmospheres (e.g., vacuum, nitrogen), agitation type and rate, and the size, shape and type of vessel(s) or other devices used to mix or combine the ingredients;

(c) a description of all physical properties or characteristics of the gel of which you are aware, or which you specify to your supplier; and

(d) the identities of the supplier of the gel or any of its ingredients.

RESPONSE TO INTERROGATORY NO. 4:

ACCO specifically objects to this interrogatory on the grounds that it is overly broad, unduly burdensome, and seeks information that is neither relevant to the issues in this investigation nor reasonably calculated to lead to the discovery of admissible evidence. Moreover, the interrogatory improperly seeks information that is not in the possession, custody or control of ACCO. ACCO also objects to this interrogatory to the extent that it is vague and ambiguous. ACCO further objects to this interrogatory to the extent that it is premature inasmuch as it does not

comply with the Scheduling Order in this action that requires 3M first to identify those products that it accuses of infringing any claims of the Wolf patent.

ACCO further objects to this interrogatory to the extent that it purports to require the disclosure of confidential business information in the absence of an appropriate Protective Order.

Subject to and without waiver of its objections, and subject to ACCO's right to supplement its discovery responses seasonably, ACCO responds as follows:

Once 3M complies with the Scheduling Order and identifies those products, if any, that it claims infringe any claim of the Wolf patent, and upon the entry of an appropriate Protective Order, ACCO will provide a response to this interrogatory to the extent appropriate.

INTERROGATORY NO. 5:

For each gel-filled wrist rest product that you identified in response to Interrogatory No. 1, describe all testing done on the product, including when and where the tests were performed, who conducted them, and the results.

RESPONSE TO INTERROGATORY NO. 5:

ACCO specifically objects to this interrogatory on the grounds that it is overly broad, unduly burdensome, and seeks information that is neither relevant to the issues in this investigation nor reasonably calculated to lead to the discovery of admissible evidence. Moreover, the interrogatory improperly seeks information that is not in the possession, custody or control of ACCO. ACCO also objects to this interrogatory to the extent that it is vague and ambiguous. ACCO further objects to this interrogatory to the extent that it is premature inasmuch as it does not

comply with the Scheduling Order in this action that requires 3M first to identify those products that it accuses of infringing any claims of the Wolf patent.

ACCO further objects to this interrogatory to the extent that it purports to require the disclosure of confidential business information in the absence of an appropriate Protective Order.

Subject to and without waiver of its objections, and subject to ACCO's right to supplement its discovery responses seasonably, ACCO responds as follows:

Once 3M complies with the Scheduling Order and identifies those products, if any, that it claims infringe any claim of the Wolf patent, and upon the entry of an appropriate Protective Order, ACCO will provide a response to this interrogatory to the extent appropriate.

INTERROGATORY NO. 6:

Explain in detail your basis for contending that the '544 patent is invalid and unenforceable, including a complete description of all facts and identification of all prior art that support those contentions.

RESPONSE TO INTERROGATORY NO. 6:

ACCO specifically objects to this interrogatory on the grounds that it is overly broad, unduly burdensome, and seeks information that is neither relevant to the issues in this investigation nor reasonably calculated to lead to the discovery of admissible evidence. Moreover, the interrogatory improperly seeks information that is not in the possession, custody or control of ACCO. ACCO also objects to this interrogatory to the extent that it is vague and ambiguous. ACCO further objects to this interrogatory to the extent that it is premature inasmuch as it does not comply

with the Scheduling Order in this action that requires 3M first to identify those products that it accuses of infringing any claims of the Wolf patent.

ACCO further objects to this interrogatory to the extent that it purports to require the disclosure of confidential business information in the absence of an appropriate Protective Order.

Subject to and without waiver of its objections, and subject to ACCO's right to supplement its discovery responses seasonably, ACCO responds as follows:

Once 3M complies with the Scheduling Order and identifies those products, if any, that it claims infringe any claim of the Wolf patent, and upon the entry of an appropriate Protective Order, ACCO will provide a response to this interrogatory to the extent appropriate.

INTERROGATORY NO. 7:

For each gel-filled wrist rest product that you identified in response to Interrogatory No. 1, describe the categories or types of information that you maintain in your computer system or possess in computer readable form that relate to the following topics:

(a) suppliers and customers of the product;

(b) the manufacture, design, and assembly of the product (including, but not limited to, product specifications); and

(c) sales, costs, profits and distribution of the product.

RESPONSE TO INTERROGATORY NO. 7:

ACCO specifically objects to this interrogatory on the grounds that it is overly broad, unduly burdensome, and seeks information that is neither relevant to the issues in this investigation nor reasonably calculated to lead to the discovery of admissible evidence. Moreover, the interrogatory improperly seeks information

that is not in the possession, custody or control of ACCO. ACCO also objects to this interrogatory to the extent that it is vague and ambiguous. ACCO further objects to this interrogatory to the extent that it is premature inasmuch as it does not comply with the Scheduling Order in this action that requires 3M first to identify those products that it accuses of infringing any claims of the Wolf patent.

ACCO further objects to this interrogatory to the extent that it purports to require the disclosure of confidential business information in the absence of an appropriate Protective Order.

Subject to and without waiver of its objections, and subject to ACCO's right to supplement its discovery responses seasonably, ACCO responds as follows:

Once 3M complies with the Scheduling Order and identifies those products, if any, that it claims infringe any claim of the Wolf patent, and upon the entry of an appropriate Protective Order, ACCO will provide a response to this interrogatory to the extent appropriate.

INTERROGATORY NO. 8:

Describe any changes you have made in your gel-filled wrist rest products since 3M filed its complaint in ITC Inv. No. 337-TA-456, and explain in detail the reasons for the changes.

RESPONSE TO INTERROGATORY NO. 8:

ACCO specifically objects to this interrogatory on the grounds that it is overly broad, unduly burdensome, and seeks information that is neither relevant to the issues in this investigation nor reasonably calculated to lead to the discovery of admissible evidence. Moreover, the interrogatory improperly seeks information that is not in the possession, custody or control of ACCO. ACCO also objects to this

interrogatory to the extent that it is vague and ambiguous. ACCO further objects to this interrogatory to the extent that it is premature inasmuch as it does not comply with the Scheduling Order in this action that requires 3M first to identify those products that it accuses of infringing any claims of the Wolf patent.

ACCO further objects to this interrogatory to the extent that it purports to require the disclosure of confidential business information in the absence of an appropriate Protective Order.

Subject to and without waiver of its objections, and subject to ACCO's right to supplement its discovery responses seasonably, ACCO responds as follows:

Once 3M complies with the Scheduling Order and identifies those products, if any, that it claims infringe any claim of the Wolf patent, and upon the entry of an appropriate Protective Order, ACCO will provide a response to this interrogatory to the extent appropriate.

AS TO OBJECTIONS:

Respectfully submitted,

Frederick William Morris (75358)
Jeffrey A. Eyres (228527)
LEONARD, STREET AND DEINARD
PROFESSIONAL ASSOCIATION
150 5th Street South, Suite 2300
Minneapolis, Minnesota 55402
Telephone: (612) 335-1500
Facsimile: (612) 335-1657

V. James Adduci, II
Steven E. Adkins
Michael G. McManus
ADDUCI, MASTRIANI &
SCHAUMBERG, L.L.P.
1200 Seventeenth Street, N.W.
Washington, D.C. 20036
Telephone: (202) 467-6300
Facsimile: (202) 466-2006

Counsel for Defendants
ACCO Brands, Inc. and
American Covers, Inc.

Dated: May 28, 2003

GEL701303-004-ACCO

# Exhibit 3

**(to the June 9, 2004 Declaration of Russell J. Rigby)**

**CONFIDENTIAL - FILED UNDER SEAL**

CONFIRMATION COPY

BANNER & WITCOFF, LTD.
INTELLECTUAL PROPERTY LAW

TEN SOUTH WACKER DRIVE
CHICAGO, ILLINOIS 60606-7407

TEL: 312.463.5000
FAX: 312.463.5001
www.bannerwitcoff.com

JON O. NELSON
DIRECT DIAL: (312) 463-5427
JNELSON@BANNERWITCOFF.COM

June 1, 2004

Via Facsimile
Confirmation Via First Class Mail

Matthew J. Goggin, Esq.
Carlson, Caspers, Vandenbergh & Lindquist
225 South Sixth Street
Suite 3200
Minneapolis, MN 55402

WITHOUT PREJUDICE

Re: *3M Company and 3M Innovative Properties Company vs. ACCO Brands, Inc. et al. and Velo Enterprise Co., Ltd.*
Case Nos.01-607 and 02-04891

Dear Mr. Goggin:

This is with respect to the subpoena issued by the United States District Court in the Northern District of Texas in the above-identified matter upon CompX International Inc. I represent CompX International Inc. and can advise that they do not have possession, custody or control of documents or persons within the scope of the subpoena. The corporate entity, CompX International Inc., is a separate corporate entity from a Canadian corporation, Waterloo Furniture Components, Ltd. located in Ontario. Waterloo Furniture Components, Ltd. may have documentation and personnel that could be responsive to the subpoena. However, I must investigate that potential inquiry upon notice from you that you wish to have me conduct such an investigation.

Further, in the event arrangements are voluntarily made to respond to the subpoena or provide documentation in lieu of a subpoena, such response would necessarily take place in Canada and my client would seek to be reimbursed for its expenses and fees.

I note that in view of this information, it may be necessary for me to file a motion to quash the subpoena. Such motion would be based upon the fact that the party subpoenaed cannot respond to the subpoena, that the subpoena fails to allow reasonable time for compliance, that the real party in interest is more than 100 miles away from the situs set for response to the subpoena, that response to the subpoena may require disclosure of privileged or other protected matter.

Kindly advise if it is necessary for me to file such a motion. Also kindly advise if you wish to have me undertake efforts to determine the availability of documents and personnel responsive to the subpoena by CompX/Waterloo Furniture Components, Ltd.

Thank you for your kind attention and note that in response to your answers to the above questions, I will undertake to conduct an investigation and provide you with a timely response.

Very truly yours,

Jon O. Nelson

JON/kar

cc: Mr. Ronald Simmons
Mr. Corey Boland

# Exhibit 5

**(to the June 9, 2004 Declaration of Russell J. Rigby)**

## CONFIDENTIAL - FILED UNDER SEAL

# Exhibit 6

**(to the June 9, 2004 Declaration of Russell J. Rigby)**

**CONFIDENTIAL - FILED UNDER SEAL**