**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| MINNESOTA MINING AND MANUFACTURING COMPANY and 3M INNOVATIVE PROPERTIES COMPANY<br><br>Plaintiffs,<br><br>v.<br><br>ACCO BRANDS, INC. and AMERICAN COVERS, INC.<br><br>Defendants. | Civil Action No. 01-607 JRT/AJB<br><br>Judge John R. Tunheim<br>Magistrate Judge Arthur J. Boylan |
| 3M COMPANY and 3M INNOVATIVE PROPERTIES COMPANY,<br><br>Plaintiffs,<br><br>v.<br><br>VELO ENTERPRISE CO., LTD<br><br>Defendant. | Civil Action No. 02-4891 JRT/AJB<br><br>Judge John R. Tunheim<br>Magistrate Judge Arthur J. Boylan |

**MEMORANDUM IN SUPPORT OF THIRD STIPULATED MOTION**
**FOR MODIFICATION OF SCHEDULING ORDER OF DECEMBER 12, 2003**

All parties to these actions respectfully move by stipulation for a third modification of the Scheduling Order of December 12, 2003. The requested order would extend the dates by approximately three months. Such an extension will permit the parties to pursue settlement in earnest and conserve resources that would otherwise be consumed by discovery and other trial preparations, including testing and analysis by the parties technical and damages experts.

## DISCUSSION

### A. Good Cause Exists for the Requested Extension

This stipulated motion for an extension of time is supported by good cause as required by Local Rule 16.3.

The parties have submitted their claim construction briefing and a *Markman* hearing is scheduled for August 10, 2004. Under the current schedule, expert reports would be due less than a month after the *Markman* hearing (on September 1, 2004). It is likely that the Court would not have sufficient time to enter a *Markman* ruling before the first expert report would be due. Thus, the experts for both parties will be required to prepare analyses addressing alternative claim constructions that would be more lengthy, cumbersome, and expensive than if the experts were able to know in advance how the Court construed the disputed patent claims before the expert reports were due. Permitting the requested extension of time will conserve party resources and permit a more focused (and, perhaps, more useful) analysis of the issues in this action.

Moreover, the parties have been discussing settlement in earnest recently and jointly requested a mediation before Magistrate Judge Boylan. That mediation has been scheduled for Tuesday, June 22, 2004. If the parties are able to reach a settlement in principle there, they would like to devote their efforts to crafting settlement documents that would, of course, make further trial preparation unnecessary. Thus, if the requested extension of time were granted, the parties may be able to devote their energies to settlement and thereby conserve resources that would otherwise be spent in discovery and trial preparation, including efforts by the parties' respective technical and damages experts.

Good cause supports the jointly requested extension of time.

### B. Statement of Information Required by Local Rule 16.3

#### 1. What Discovery Remains to be Completed

The parties are working informally now to resolve issues that have arisen with discovery responses. Several depositions of fact and expert witnesses will be taken in the next few months. Depositions of fact witnesses (that were rescheduled in light of the upcoming mediation) are currently scheduled for July of this year.

#### 2. What Discovery Has Been Completed

The parties have served comprehensive discovery requests and have exchanged claim charts and prior art statements. The parties also took a significant amount of discovery from each other on many issues relevant to this case during a related investigation before the United States International Trade Commission. The record of that ITC investigation was transferred to the Court pursuant to 28 U.S.C. § 1691. The parties believe that their discovery in the ITC should eliminate at least some of the discovery that would otherwise be necessary here.

#### 3. Why All Discovery Has Not Been Completed

As currently scheduled, fact discovery closes on August 10, 2004. The parties have been diligent in their discovery efforts and have attempted to streamline discovery in light of the significant record that was generated in the matter before the International Trade Commission. If the matter settles, certain depositions in Asia and elsewhere will become unnecessary.

Given the timing of the *Markman* hearing and the upcoming mediation, the jointly requested extensions of time are reasonable and serve the interests of conservation of judicial and party resources. Good cause supports this joint request.

#### 4. How Long It Will Take To Complete Discovery

Fact and expert discovery can be completed within the deadlines contemplated by this request for extension of time.

Accordingly, the parties respectfully request that this Court grant this stipulated motion for extension of time.

ACCO BRANDS, INC., and
AMERICAN COVERS, INC., and
VELO ENTERPRISE CO., LTD.

Dated: June 16, 2004

s/ Frederick W. Morris
Frederick W. Morris (#75358)
Jeffrey A. Eyres (#228527)
Kevin D. Conneely (#192703)
LEONARD, STREET AND DEINARD P.A.
150 South Fifth Street, Suite 2300
Minneapolis MN 55402
(612) 335-1500 (tel.)
(612) 335 1657 (fax)

AND

Steven E. Adkins
Elizabeth Miller Roesel
Chad D. Wells
SHAW PITTMAN LLP
1650 Tysons Boulevard
McLean, VA 22102-4859
(703) 790-7900 (tel.)
(703) 770-7901 (fax)

3M COMPANY and
3M INNOVATIVE PROPERTIES COMPANY,

Dated: June 16, 2004

s/ Matthew J. Goggin
Alan G. Carlson (#14,801)
Matthew J. Goggin (#210,705)
CARLSON, CASPERS, VANDENBURGH & LINDQUIST
225 South Sixth Street, Suite 3200
Minneapolis, MN 55402
Telephone: (612) 436-9600
Facsimile: (612) 436 9605

AND

David K.Tellekson, (WSBA No. 33523)
DARBY & DARBY P.C.
1191 Second Avenue, Suite 1900
Seattle, Washington 98101-3420
Telephone: (206) 262 8900
Facsimile: (206) 262-8901